## SUPREME COURT.

### Cook agt. Farnam.

Where a tenant in common of premises sold on foreclosure or partition, has not been *properly served with process*, the purchaser will not be compelled to complete his purchase.

Where the statute, in reference to service of process on absent defendants, has not been strictly complied with, to wit, for the want of evidence that the residence of such defendants could not be ascertained "with reasonable diligence," the order of sale and proceedings are fatally defective.

*New York General Term, June*, 1861.

*Before* CLERKE, SUTHERLAND *and* ALLEN, *Justices.*

APPEAL from order of Judge INGRAHAM, denying motion that purchaser complete purchase and sale in partition.

Mr. ARNOUX, *for appellant.*

Mr. PARSONS, *for respondent.*

By the court, ALLEN, Justice. The objections to the title is that one of the infant heirs-at-law of the former owner, and a tenant in common of the premises sold, was not properly served with process.

At the time of the commencement of this action she resided in California, and was and still is an infant under the age of twenty-one years. An order for the service of the summons upon her, by publishing the same, was made by Judge ROOSEVELT, upon the affidavit of the plaintiff, an aunt of the infant defendant. His order did not direct a deposit of the summons and complaint in the post-office, directed to the defendant, at her place of residence. The affidavit did not show, nor did it appear in any way, that the residence of the infant was unknown to the plaintiff, and could not with reasonable diligence be ascertained by her. (*Code*, §135.) The only statement in the affidavit bearing upon the question is, "that George Dunphill and

Josephine Dunphill (the infant) resided in the state of California, but their present place of residence therein deponent is unable to state "—implying, that she had known where they had resided at one time, without its appearing that they had removed at all from such place of residence. The affidavit is entirely consistent with the fact that they had resided, within the knowledge of the deponent, at Benecia, or any other given place, and still resided there, the individual making the affidavit having no reason to suppose or believe that they had removed, but excusing herself for denying present knowledge of their residence, by reason of the want of that present knowledge, which is the result of an actual and recent visit to their domicil.

But, conceding that the affidavit was honestly made, and the plaintiff had no knowledge or belief as to the place of residence of the absentees, the statute was not complied with, for the want of evidence that their residence could not be ascertained " with reasonable diligence." It is palpable that slight diligence only would have been necessary to ascertain where they resided. But the statutory proceedings for acquiring jurisdiction of absent defendants must be strictly complied with to give the court jurisdiction. The jurisdiction is strictly statutory, and can only be acquired in the mode prescribed by the statute. (*Hallett* agt. *Righters*, 13 *How.*, 43; *Burham* agt. *Peabody*, 3 *id.*, 109; *Kendall* agt. *Washburn*, 14 *id.*, 380.) Even admission of the service of process out of the state is ineffectual to give the court jurisdiction *in personam*. (*Litchfield* agt. *Burnett*, 5 *id.*, 341;) and see *Eustice* agt. *Thomas*, (5 *How.*, 45.) As the infant could not convey her estate, she cannot by any covenant confer jurisdiction upon the court, or ratify or approve the order of sale. Her power of attorney to Mr. Lamar is a nullity.

The order at special term must be affirmed with costs.