EDWARD O'GRADY AND OTHERS, PLAINTIFFS, *v.* HENRY O'GRADY AND OTHERS, DEFENDANTS, THOMAS NOONAN, A JUDGMENT-CREDITOR OF HENRY O'GRADY, APPELLANT.

*Jurisdictional defect (a failure to order notice to lienors to be published in an action for partition) cannot be remedied by amendment* nunc pro tunc —*presumption that a proper party, not brought into the suit, is prejudiced.*

In an action for the partition of real estate, the interlocutory judgment directed a sale of the premises. Neither the order of reference to take proofs, nor any other order prior to the judgment, contained a provision for the publication of the notice, required by section 1562 of the Code of Civil Procedure, to persons not parties to the action, having liens upon any undivided shares or interest in the property.

A notice to lienors in the usual form was, however, printed without authority. The original order of reference was made May 13, 1887. On March 22, 1889, notice was given to one Thomas Noonan, who held a judgment lien on one undivided sixth of the premises owned by the defendant Henry O'Grady; of a

motion to amend the original order of reference, *nunc pro tunc*, by inserting in it the necessary notice of reference to lienors, and designating for such publication the newspaper in which the notice had been published without authority, which motion was granted:

*Held*, that the order was an *ex post facto* order which assumed to remedy a jurisdictional defect in proceedings by which it was sought to deprive the said Thomas Noonan of property rights, and was improperly granted.

That the fact that Henry O'Grady's share of the proceeds of the sale was exhausted before the lien of the said Thomas Noonan was reached, did not show that the latter was not prejudiced by the omission to bring him in as a party to the proceedings.

Prejudice is to be presumed in every case where a party's rights are adjudged without a hearing or an opportunity to be heard.

APPEAL by Thomas Noonan, a judgment-creditor of the defendant Henry O'Grady, from an order of the Monroe County Court, entered in the clerk's office of the county of Monroe on the 15th day of April, 1889, amending an order of the Monroe County Court, made and entered on the 12th day of May, 1887, *nunc pro tunc*, as of the 12th day of May, 1887, by inserting therein the following words: "And that said referee cause the notice required by law to be published once in each week, for six successive weeks, in the Rochester Daily Union and Advertiser, a daily newspaper published at Rochester, in said county of Monroe, the county in which the property herein sought to be partitioned is situated."

*William A. Sutherland*, for the appellant Thomas Noonan.

*J. M. E. O'Grady*, for the plaintiffs, respondents.

DWIGHT, J. :

The action was for the partition of real estate. The interlocutory judgment directed a sale of the premises. Neither the order of reference to take proofs, etc., nor any other order prior to judgment, contained any provision for the publication of notice, required by section 1562 of the Code of Civil Procedure, to persons not parties to the action, having liens upon any undivided share or interest in the property. The appellant, Thomas Noonan, who was not made a party to the action, had a lien by judgment on the undivided one-sixth of the premises which was owned by the defendant Henry O'Grady. What purported to be a notice to lienors, in the usual

form of such notice, was printed without authority in a newspaper published in the county where the premises were situated, but it never came to the attention of the appellant, and he had no knowledge of the action or of any of the proceedings therein until after the final judgment and a distribution of the fund.

Nominal provision was made in the interlocutory judgment for the payment of liens on the share of the defendant Henry O'Grady; but the balance of the fund representing his share, after satisfying other provisions of the judgment, was exhausted in payment of a lien prior to that of the appellant, and the latter received no part of the fund.

The original order of reference was made May 13, 1887. On the 22d day of March, 1889, the plaintiffs gave notice to the appellant (by service of an order to show cause) of a motion to amend the original order of reference, *nunc pro tunc*, by inserting in it the necessary direction for the publication of notice to lienors, and designating for such publication, the newspaper in which the notice had been published without authority. The motion was granted, notwithstanding the objection of the appellant, and an order for such amendment was entered on the 28th day of March, 1889; from that order this appeal was taken.

The order was clearly erroneous. The objection to it was jurisdictional. It was an *ex post facto* order which assumed to remedy a jurisdictional defect in proceedings by which it was sought to deprive the appellant of property rights. It assumed to give conclusive effect to the publication of a notice which had been made nearly two years before without any authority of law, and by that means to validate a judgment which, as to the appellant, was absolutely void for want of jurisdiction. The appellant not having been made a party to the action, as might have been done under section 1543 of the Code of Civil Procedure, the only mode by which the court could acquire jurisdiction of him and of his rights as a lienor, was by the publication of a notice under the provisions of section 1562 of the same statute. Such publication would have been, at the best, only constructive notice, and to give it effect as such, it must be in strict compliance with the statute. (*Hallett* v. *Righters*, 13 How. Pr., 43.) The statute itself (Code of Civil Procedure, § 1578), makes the judgment in such an action a bar to the

rights of the lienor only in case notice "*was given* * * * as. prescribed·in section 1562 of this act." Such notice cannot be given *ex post facto*, two years after the judgment has been rendered.

The ineffectual provision of the interlocutory judgment for payment of liens on the share of Henry O'Grady, is no answer to the objection to the order in question; the appellant received no benefit from that provision. Nor does the fact that Henry O'Grady's share of the proceeds of the sale was exhausted before the lien of the appellant was reached, determine the question whether the latter was prejudiced by the omission to bring him in as a party to the proceedings. Prejudice is to be presumed in every case where a party's rights are adjudged without a hearing or an opportunity to be heard; and under the facts of this case, it is quite probable that if the appellant had been heard at the various stages of the proceeding, the value of his lien might have been preserved in whole or in part.

The respondents rely upon the liberal provisions of the Code of Civil Proceedure in respect to amendments; but it is clear that no retroactive amendment can cure a jurisdictional defect (*Kendall* v. *Washburn,* 14 How. Pr., 380), nor will any amendment in pleadings or proceedings be allowed for the benefit of one party, without provisions which save the rights of all other parties to be affected thereby.

The order appealed from should be reversed and the motion denied, with. costs.

BARKER, P. J., and MACOMBER, J., concurred.

Order reversed and the motion denied, with ten dollars cost of opposing the motion and ten dollars costs and disbursements of this appeal.