## *In re* WOOD'S ESTATE.

*(Supreme Court, General Term, First Department. January 24, 1890.)*

**JUDGMENT—VACATING—POWER OF SURROGATE.**

Under Code Civil Proc. N. Y. § 2481, subd. 6, giving the surrogate the same power over the decrees of his court as is possessed by courts of record, the surrogate may, on proper notice, revoke letters testamentary issued by him to the executor appointed by the will, where it is brought to his attention that the court of appeals has sustained the validity of a codicil to the will which removed such executor.

Appeal from surrogate's court, New York county.

Application by Mary B. Wood for the revocation of letters testamentary issued to Edward T. Schenck under the will of Samuel Wood, deceased. From an order revoking the letters testamentary Schenck appeals. For former reports, see 30 Hun, 82, and 8 N. E. Rep. 387.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. S. Schenck*, for appellant. *E. B. Valentine*, for respondent.

VAN BRUNT, P. J. A will and codicil of the testator, Samuel Wood, were offered for probate in the surrogate's court of the county of New York. The will was proved without opposition. In it the probate of the codicil was the subject of objection and contest, which resulted in the codicil being admitted to probate by the surrogate in December, 1881, Schenck, being a party to the record, having just filed objections, and then withdrawn them. By the will the appellant, Schenck, was appointed executor, and by the codicil he was removed. An appeal was taken to the general term from the decree of the surrogate, admitting the codicil to probate, and in May, 1883, the general term affirmed the decree thus appealed from. 30 Hun, 82. In the year 1884, and before the order had been entered upon the decision of the general term, an action was commenced in the supreme court, in Queens county, by Alfred L. Simonson and Martin Wood against Edward T. Schenck, Joseph W. Drexel, C. Amory Stevens, and Henry G. Marquand, asking in the complaint, among other things, that the said codicil be declared void. None of the defendants appeared in that action, except the defendant Schenck, who answered admitting all the facts alleged in the complaint. An order of reference was made, and the referee reported, among other things, that the said Samuel Wood had not at the time of the execution of the codicil testamentary capacity; and

thereupon a decree was entered on the 24th of June, 1885, declaring the said codicil null and void, for the reason that the said Samuel Wood did not have testamentary capacity to make the same, and that the execution thereof was procured by fraud. In the mean time an appeal had been taken from the order of the general term affirming the surrogate's decree admitting the said codicil to probate. Upon the 19th day of October, 1885, letters testamentary upon the said will were issued to the appellant, Schenck, and said will was recorded without the codicil. The order of the general term affirming the decision of the surrogate admitting the codicil to probate was afterwards affirmed by the court of appeals. 8 N. E. Rep. 387. The petitioner, setting up these facts, applied to the surrogate for a revocation of the letters testamentary issued to Schenck, because they were procured by a false suggestion of facts. The answer of the appellant, Schenck, admits all the facts above stated, except that he was a party to the contest of the codicil in the surrogate's court. The surrogate thereupon revoked the said letters, and from the order of revocation this appeal is taken.

A question has been raised as to whether the petitioner had such an interest in the estate of Samuel Wood so as to authorize her to initiate this proceeding. We have not discussed this question, because we are of the opinion that the surrogate had ample power, if these letters have been issued without any authority of law, to revoke the same upon his own motion, after having duly heard the parties. Section 2481, subd. 6, gives the surrogate the same power over the judgments and decrees of his court as is possessed by courts of record, and the power of such courts to vacate unauthorized judgments upon proper notice to the parties to be affected has never been questioned. The supreme court had no jurisdiction whatever to entertain an action to declare the codicil to this will null and void because of the want of the testamentary capacity. Such jurisdiction belonged exclusively to the surrogate's court, and had been exercised, and therefore the decree obtained in Queens county was absolutely void and of no effect. It appearing to the surrogate that this codicil had been declared valid by a court of competent jurisdiction, and having all the parties before it, and that the same codicil had subsequently been declared invalid by a court having no jurisdiction of the subject-matter, and with but few of the parties interested before it, and that upon the faith of this void adjudication letters had been issued to a party having no right to the same, it became the duty of the surrogate to revoke such letters as issued, without any authority of law. The order appealed from should be affirmed, with costs. All concur.