## *In re* ODELL'S ESTATE.

*(Surrogate's Court, Westchester County, Filed December, 1892.)*

1. WILL—PROBATE—PERSONS NOT CITED.

A petition by an heir and next of kin not cited on the probate, praying that the probate be revoked, will be denied, as the decree is binding on those cited, but the decree will be opened to allow petitioner to file allegations against the validity of the will.

2. SAME—REOPENING DECREE—DISCRETION.

When the estate consists of realty and personalty, the court has no ground for the exercise of discretion in reopening the decree as to the personalty, as the next of kin is absolutely entitled to an order opening the decree.

3. CODE CIV. PRO., SEC. 2481, SUBD. 6—SUFFICIENT CAUSE.

The expression "sufficient cause" in subd. 6, section 2481, Code Civ. Pro., relates only to the granting of a new trial, or a new hearing for fraud, etc., and not to the opening of a decree.

**4. Same.**
> Even if otherwise, it is "sufficient cause" for reopening a decree when petitioner was not cited on the probate of the will.

Petition by John W. Purdy, an heir-at-law and next of kin, to revoke probate of will.

Robert C. Taylor, for petitioner; Mitchell Levy, for executors.

COFFIN, S. The prayer of the petition for the relief sought is too broad. On the facts stated it seems the court should have been asked merely to open the decree admitting the will to probate, so that the petitioner may have an opportunity of being heard in opposition. The decree is conclusive against all who were cited, and, should it be opened for the purpose of making the petitioner a party, so that he may file objections, it will be unnecessary to cite those who have already been cited. The court had complete jurisdiction of the subject and of those persons, but not of the petitioner. No explanation is given as to why he was not cited. Perhaps he was supposed to be dead, or the executors were uninformed as to his relationship to the deceased. However that may be, the fact that he is an heir at law and next of kin is not disputed. Of course, had the deceased died intestate, the petitioner would have been entitled to his share of her estate, and he cannot be deprived of his right by an adjudication in a proceeding to which he was not a party. Had he been cited, he would have had a right to show, if he could, that the will was invalid on any proper ground. He has not had such opportunity, and it should be accorded to him. It is always the practice before probate, where it is discovered that a necessary party has not been cited, to suspend the proceeding until he is brought in; and no good reason is discovered why such a person, who was ignorant of the proceeding, should not be made a party, and stand on precisely the same ground as to his rights as he would have done if made a party originally.

It is claimed on behalf of the executors that it is discretionary

with the court to open the decree or not, and a strong reason why it should not be done in this case is that the bulk of the estate has already been distributed in good faith by the executors. It can be regarded as discretionary only so far as the claim is confined to realty, as in the case of Bailey v. Stewart, 2 Redf. Sur. 212; Bailey v. Hilton, 14 Hun, 3, where it was held that the discretion was properly exercised, as the petitioner had an ample remedy at law to recover his interest in the realty. What, if any, remedy there would be in this case to recover the share of the personalty already distributed in good faith, it is not necessary to inquire. But it is claimed on behalf of the petitioner that, inasmuch as the will directs a sale of the realty, the proceeds became personalty. This would be true if the will is to stand, and is not true if it should, for any reason, be overthrown by any effort of the petitioner, and his prayer is that it be declared not to be the last will and testament of the deceased. So far as this motion is concerned, the portion of the realty ordered by the will to be sold must, therefore, be regarded as real estate, but, as the estate consisted of both real and personal, it would seem that there is no ground for the exercise of discretion as to the personalty, and that, as far as the latter is concerned, the petitioner is absolutely entitled to an order opening the decree. He cannot be deprived of property rights given him by statute, without being afforded an opportunity to be heard.

On behalf of the executors it is contended that no "sufficient cause" is shown, as is required by subdivision 6 of section 2481 of the Code. That expression, however, seems to relate only to the granting of a new trial, or a new hearing for fraud, etc., and not at all to opening, etc., of a decree. But while this may be so, abundant cause is shown in the fact that a person who was entitled to be cited was not made a party, and had no knowledge or notice of a proceeding which was calculated to deprive him of his possible rights as heir-at-law and next of kin. This is regarded as quite "sufficient cause." As some of the estate consisted of realty, yet a considerable portion, to wit, about $65,-

000, was personal property, as to which the petitioner has a clear right to an order opening the decree; it does not seem practicable or proper to open the door half way, and hear him so far as the latter is concerned, and deny him a hearing as to the former, in the exercise of a permissible discretion. The decree will therefore be opened so far as the petitioner is concerned, and as he is now before the court he must forthwith file his allegations against the validity of the will and codicil, if he have any, and then the executors must reprove the same by the subscribing witnesses, and such proceedings be had as are usual in the ordinary cases of probate. While it will be the duty of the executors to endeavor to sustain the validity of the will and codicil, any person having an interest in supporting them will be allowed to aid them in that effort. The prayer of the petition that the will be decreed not to be the last will of the deceased, and that the probate thereof be revoked and annulled, is denied; but the decree will be opened for the purpose above indicated, and an order entered accordingly.