MERWIN, J.:

I concur in affirmance.

Judgment affirmed, with costs.

---

In the Matter of the Application of LOUISA HARLOW, for an Order
Opening, etc., the Decree of the Surrogate's Court of Tompkins
County, Admitting to Probate the Last Will and Testament of
JOHN LYONS, Deceased.

*Surrogate's Court — vacation, by a surrogate, of a decree admitting a will to probate
— defective service of citation — Code of Civil Procedure, section 2481,
subdivision 6.*

A decree of a Surrogate's Court admitting a will to probate should be opened and
vacated by the surrogate, upon an application made under subdivision 6 of sec-
tion 2481 of the Code of Civil Procedure, as to an heir at law of the decedent
who did not appear in the proceeding for probate and was not brought before
the court by service of the citation in accordance with the requirements of law.

APPEAL by Ann E. Heath, formerly known as Ann E. Beardslee,
administratrix with the will annexed of John Lyons, deceased, and a
legatee named in the will, from an order of the surrogate of Tomp-

kins county, entered in the Surrogate's Court of that county on the 2d day of September, 1892, which opened and vacated, as to Louisa Harlow, a decree of said Surrogate's Court, made and entered July 13, 1885, admitting the will of John Lyons, deceased, to probate, and which also denied a motion made by the appellant to dismiss the application of Louisa Harlow to open and vacate the said decree.

In December, 1884, Ann E. Beardslee presented a petition to the Surrogate's Court, asking probate of the will of the deceased, and in that petition stated the residence of the parties named as the heirs at law, and the words of the petition relating to the respondent were, viz. : " Louisa Harlow, who resides at 59 Rush street, Chicago, Illinois." After the presentation of the petition an order was made in February, 1885, and in the order the language relating to the respondent was as follows : " Louisa Harlow, who resides at 57 Rush street, Chicago," in that portion of the order containing recitals, and in that portion of the order which provided for the service of citations, the language used as to the respondent was as follows : " Louisa Harlow, 57 Rush street, Chicago ; " and the order also contained a provision for the publication of the citation in two newspapers, to wit : " In the *Weekly Journal*, published in Ithaca, New York, once a week for six successive weeks, or at the option of the petitioner, by service of the citation, and a copy of this order upon the persons so cited, without the State ; " and the order provided also for a deposit of copies of the citation, among others to be directed to " Louisa Harlow, 57 Rush street, Chicago, Illinois." By the affidavit of C. L. Smith, it appears that on the 3d of February, 1885, he deposited in the post office in the village of Ithaca copies of the citation and orders for publication directed to " Louisa Harlow, 57 Rush street, Chicago, Illinois." In February, 1892, Louisa Harlow, an heir at law of the deceased, presented a petition to the Surrogate's Court asking to have the decree admitting the will of the deceased to probate entered in July, 1885, opened. In the petition presented by the respondent asking to be relieved from the decree admitting the will to probate, she alleges as follows : " Your petitioner further shows that no citation to attend the probate of the last will and testament of said John Lyons, deceased, was ever served upon your petitioner in the manner prescribed by law, and your petitioner never received any citation or notice of any

proceeding to prove said alleged will or any will whatsoever of said John Lyons, and your petitioner never had any notice or knowledge of any of the above-mentioned proceedings in the Tompkins County Surrogate's Court until several years after said alleged will was admitted to probate as aforesaid."

The order appealed from contains the following language: " Ordered, That the motion to dismiss be, and the same is hereby denied on the ground that the surrogate has not the power to exercise his discretion as to granting or refusing to grant the motion to open the decree, and the motion to open the decree is hereby granted to this extent, to wit,   *   *   *   opened and vacated as to said Louisa Harlow.   But said decree shall remain in full force and effect as to all other parties interested in said proceedings.   And the letters of administration with the will annexed of said deceased shall remain of full force and virtue until the determination of further proceedings in this matter.   And this order is made on the ground that the surrogate, Hon. BRADFORD ALMY, holds that he has no power to refuse the application to open the decree as to said Louisa Harlow, the said petitioner, and has no power to exercise his discretion as to refusing or granting this order."

*C. L. Smith* and *M. M. Waters*, for the appellant.

*David M. Dean*, for the respondent.

HARDIN, P. J.:

Subdivision 6 of section 2481 of the Code of Civil Procedure, which relates to the power of the surrogate to open, vacate, modify or set aside a decree of his court, provides that " Upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the General Term of the Supreme Court has the same power as the surrogate ; and his determination must be reviewed as if an original application was made to that term."

In the course of the opinion delivered in *Matter of Tilden* (67 How. 449) it was said : " Under this authority the entire controversy presented by the petition and the answer to it, is to be considered upon the appeal in the same manner in which the surrogate himself

had the authority to consider it;" although that case was reversed (98 N. Y. 442), the doctrine found in the quotation just made was not disturbed.

In *Bailey* v. *Stewart* (2 Redf. 213) it was held that "The surrogate has power to open, vacate or modify his probate of a will, whether of real or personal estate, or both," and an extensive examination of the authorities bearing upon that question was made by Surrogate CALVIN. The same doctrine was referred to in *Matter of Wood* (29 N. Y. St. Repr. 299) in the following language : " Section 2481, subd. 6, gives the surrogate the same power over the judgments and decrees of his court as is possessed by courts of record, and the power of such courts to vacate unauthorized judgments upon proper notice to the parties to be affected has never been questioned;" and in *The Matter of the Accounting of Hawley* (100 N. Y. 212) it seems to be conceded in the opinion " That every court of record has an inherent power over its own records, to modify, amend and vacate them independent of the special authority conferred by statute." It appeared by the petition presented that the residence of Louisa Harlow was 59 Rush street, Chicago, Illinois. The order for the deposit of a copy of the citation was to the effect that it should be directed to her as " Louisa Harlow, 57 Rush street, Chicago, Illinois." The service of the citation was defective. The surrogate did not acquire jurisdiction over the person of Louisa Harlow. She never had her day in court upon the subject-matter involved in the application for the probate of her relative's will. (*Fetes* v. *Volmer*, 8 N. Y. Supp. 294.) It also appears that the order for publication was defective in misdescribing the journals in which the publication was to and actually did take place.

Appellant calls our attention to *Durant* v. *Abendroth* (97 N. Y. 133). We think it does not aid his position. In the course of the opinion in that case, RAPALLO, J., said " That a judgment operates *in personam* only upon the parties appearing before the court, or brought before it by proper process." We think the respondent was entitled to service of process in accordance with the requirements of law before her rights as heir at law of the deceased could be taken away by any proceeding had in the Surrogate's Court. The order appealed from cautiously observes the rights of all parties under the decree, and gives the respondent, Louisa Harlow, the right

to be heard upon the questions relating to the probate of the will of the deceased.

The order should be affirmed, with costs to the respondent payable out of the estate.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, with costs to the respondent payable out of the estate.