(47 Misc. Rep. 247.)

### FINK v. WALLACH.

(Supreme Court, Special Term, New York County. May, 1905.)

1. PROCESS—SERVICE BY PUBLICATION—STATUTORY PROVISIONS.

Code Civ. Proc. § 442, providing that, where service is made by publication, the summons, etc., must be filed with the clerk on or before the day of first publication, is in derogation of the common law, and must be strictly observed and fully complied with in order to confer jurisdiction.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Process, § 99.]

2. SAME—ORDER FOR PUBLICATION—FILING WITH CLERK.

Code Civ. Proc. § 442, requiring summons, etc., to be filed with the clerk where service is made by publication, is not complied with by leaving the order directing service by publication with the clerk of one of the 21 parts of the Supreme Court in the county of New York.

3. SAME—CURE OF DEFECTS—ORDERS NUNC PRO TUNC.

A jurisdictional defect, consisting in a failure to properly file the summons, etc., with the clerk, as required by Code Civ. Proc. § 442, where service is made by publication, cannot be cured by a nunc pro tunc order.

4. VENDOR AND PURCHASER—MARKETABLE TITLE.

Where the title of a vendor depended on foreclosure proceedings, in which jurisdiction of the owners of the equity was not obtained because of failure to comply with Code Civ. Proc. § 442, prescribing the requisites of an order for publication of summons, such vendor's title was unmarketable, and a purchaser from him was entitled to a cancellation of the contract of purchase and to recover a deposit made by him, together with the expense of searching title.

Action by Bernard Fink against Karl M. Wallach. Judgment ordered for plaintiff.

Anton Gronich, for plaintiff.
Dittenhoefer, Gerber & James, for defendant.

CLARKE, J. Action to rescind a contract to purchase real estate and to recover earnest money and expenses of searching title on the ground that the title is unmarketable. Defendant's title is derived from a referee's deed upon foreclosure in a case entitled Wallach v. Bergschwenger, judgment filed August 6, 1896. The owner of the equity of redemption, one Johanette Bergschwenger, and John, her husband, defendants in said foreclosure suit, were nonresidents. The summons and complaint were filed in the clerk's office November 19, 1895. On December 11, 1895, an order ap-

pointing a receiver of the rents and profits pendente lite was made and entered, and on said proceedings counsel appeared specially—and not generally—for Mrs. Bergschwenger. On February 5, 1896, a judge's order, upon sufficient papers, was made, directing service by publication in two newspapers, and directing the mailing of copies of the papers to the address of said defendants in New Jersey, furnished by said attorney, who had specially appeared on the receivership proceedings. The publication and the mailing was duly had. When the judgment roll came to be made up, it was discovered that the order for publication, and the papers upon which it was made were not in the county clerk's office. The attorney who had actually seen the justice sign the order, and had inspected the same in the clerk's hands in Special Term, part 2, made a search and found the papers in said part 2 clerk's office, where they had remained ever since their signature. It appears from the evidence that at that time orders of publication, though judge's orders, were treated as court orders; that is, they were not delivered to the attorneys to be taken down to the filing and indexing room in the county clerk's office, but were taken in charge by the clerk of the part, and taken down for filing by him or his assistants. Upon these facts appearing, a court order was obtained on August 6, 1896, from Mr. Justice Stover, then sitting in part 2, which provided "that said order made herein by Mr. Justice Miles Beach on the 5th day of February, 1896, be filed nunc pro tunc as of February 5, 1896, without prejudice to any proceedings heretofore had in this action; and it is further ordered that the clerk of this court be, and he hereby is, ordered and directed to mark the said order of Mr. Justice Miles Beach 'Filed February 5, 1896,'" and the said order and papers were accordingly marked in the clerk's office "filed August 6, 1896, nunc pro tunc as of February 5, 1896." The judgment was entered up, the sale had and the present defendant has been in undisturbed possession ever since.

The plaintiff claims that section 442 of the Code, which provides: "Where service is made by publication, the summons, complaint, and order, and the papers upon which the order was made, must be filed with the clerk, on or before the day of the first publication"— is jurisdictional; that leaving the order with the clerk of the part is not "filing with the clerk"; that a "nunc pro tunc" order cannot cure a jurisdictional defect; and, therefore, that judgment based thereon is void, or, at least, that so grave a question is raised that from either point of view the title is unmarketable, and he should be relieved of his bargain and get his money back. It should be noticed that the summons and complaint had long been filed in the county clerk's office on the first day of publication; that the defendants had actual notice of the foreclosure proceedings, as they appeared specially on the motion for a receiver, and that copies of the papers were duly mailed to them at the address given by their attorney; and that for nine years, though their attorney had notice of this nunc pro tunc order, they have made no move to question the regularity of the proceedings.

Was the failure to file the order with the county clerk fatal?

It seems clear that leaving a paper with the clerk of one of the 21 parts of the Supreme Court appointed to be held in this county is not "filing with the clerk." The object of filing with the clerk is obvious. It is to afford a safe and certain place where inquiry may be made as to proceedings brought. The affidavit upon which the order to file nunc pro tunc was granted states:

"Deponent further says that, although the order was signed on the said 5th day of February, 1896, it was not, and has not as yet been, duly filed in the office of the Clerk of the City and County of New York."·

In Rothstein v. Rothstein, 40 Misc. Rep. 101, 81 N. Y. Supp. 342, it was held:

"The mere receipt by the clerk having charge of the part of the court where the justice is sitting of a paper cannot be deemed the equivalent of filing with the county clerk, who is the clerk of this court. Were it otherwise, a search in the county clerk's office would not disclose the decree, and a party interested would have no means of ascertaining whether or not a decree had in fact been made."

I must hold, therefore, that leaving the paper with the clerk in charge of Special Term, part 2, was not the filing with the clerk required by the statute.

As the filing of the order and the affidavits upon which made before the first day of publication was jurisdictional, the omission so to do could not be remedied by a nunc pro tunc order. The order was clearly erroneous. The objection to it was jurisdictional. It was an ex post facto order, which assumed to remedy a jurisdictional defect. O'Grady v. O'Grady, 55 Hun, 40, 8 N. Y. Supp. 278. It is clear that no retroactive amendment can cure a jurisdictional defect. Kendall v. Washburn, 14 How. Prac. 380. No valid judgment can be rendered against a defendant in any court, unless such court first obtains jurisdiction of his person by some one or other of the modes prescribed by law. The provision of the statute for service by publication is intended as a substitute for personal service, and, being in derogation of the common law, the statute must be strictly observed and all its provisions fully complied with before jurisdiction is obtained. Titus v. Relyea, 8 Abb. Prac. 177. To the same effect: Cook v. Farmer, 12 Abb. Prac. 359; Wortman v. Wortman, 17 Abb. Prac. 72; Hallett v. Righters, 13 How. Prac. 43; Kendall v. Washburn, 14 How. Prac. 380; Gray v. Journal of Finance Pub. Co., 2 Misc. Rep. 260, 21 N. Y. Supp. 967; Wilson v. Lange, 40 Misc. Rep. 676, 83 N. Y. Supp. 180; Whiton v. Morning Journal Ass'n, 23 Misc. Rep. 299, 50 N. Y. Supp. 899; Young v. Fowler, 73 Hun, 179, 25 N. Y. Supp. 875; Ludden v. Degener, 14 App. Div. 398, 43 N. Y. Supp. 908; Bowler v. Ennis, 46 App. Div. 309, 61 N. Y. Supp. 686. The latter case was an action for specific performance, and, after stating the principle above stated, proceeded:

"In Stuyvesant v. Weil, 41 App. Div. 551, 58 N. Y. Supp. 697, it was said: 'When it affirmatively appears that any essential step was omitted, the presumption in favor of jurisdiction is destroyed, and a presumption against jurisdiction at once arises.' "

In Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966, it is said:

"A vendee who refuses to take title upon the ground of defect therein must point out the objection and give proof tending to establish it or to

create such a doubt in respect thereto as to render the title unmarketable. If the defect or doubt is disclosed on the face of the record title, he need go no further, but, if it depends upon some extrinsic fact not disclosed by the record, he must show the fact which justifies his refusal to accept the title tendered."

In the case at bar it affirmatively appears upon the face of the record title that the order of publication and the papers upon which founded were not filed in the clerk's office on or before the first day of publication, and that an attempt to cure that jurisdictional defect was made by the procurement of a nunc pro tunc order.

I am forced to the conclusion that the plaintiff is not compelled to take the title; that he is entitled to the relief demanded in his complaint, namely, for the cancellation of his contract and for the recovery of the deposit money, $500, and $160, the reasonable fees paid for examination of the title, with costs. Ordered accordingly.