(90 Misc. Rep. 222)

## In re LORD'S WILL.

### (Surrogate's Court, Westchester County. April, 1915.)

1. WILLS ☞221—PROBATE—RIGHT TO OPEN DECREE.

Under Code Civ. Proc. § 2490, subd. 6, authorizing the surrogate to open a decree for fraud, newly discovered evidence, clerical error, or other sufficient cause, where it was conceded that one who claimed to be testator's widow had not been served with citation in the proceedings to prove the will, the surrogate had jurisdiction to open the decree on the ground of "other sufficient cause."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 539–541; Dec. Dig. ☞221.]

2. WILLS ☞309—PROBATE—MARRIAGE—PRELIMINARY DETERMINATION.

Where, on the opening of a decree of probate on the motion of one claimed to be testator's widow, the validity of testator's marriage to the alleged widow is attacked by objections and answers, the court may determine such validity as a preliminary proposition.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 735–737; Dec. Dig. ☞309.]

In the matter of the probate of a paper writing purporting to be the last will of Theodore A. Lord, deceased. On motion to open a decree of probate. Motion granted.

Arthur D. Truax, of New York City (Charles W. Sinnott, of New York City, of counsel), for the motion.

R. E. & A. J. Prime, of New York City, for administratrix c. t. a.

Robert L. Luce, of New York City, for Elsie G. Hunsdon.

SAWYER, S. Theodore A. Lord died on the 17th day of June, 1914, leaving a last will and testament which was duly admitted to probate in the office of the surrogate of Westchester county on the 20th day of July, 1914.

[1] This motion is made by one who styles herself Eugenie Ferrer Lord. She claims that she is the widow of decedent, Theodore A. Lord, and as such widow should have received notice of the proceedings for the probate of the will of the decedent pursuant to the provisions of section 2615 of the Code of Civil Procedure (old Code). The so-called widow alleges that she married the decedent, Theodore A. Lord, in the city of San Francisco, Cal., on the 24th day of November, 1888. She submits numerous affidavits in support of this contention.

On the other hand, the parties opposed to this motion claim that the decedent never was a party to any such marriage, and submit evidence to the effect that on the date of the alleged marriage the said Theodore A. Lord was the husband of Julia Clinton Jones Lord; their marriage having been solemnized on or about the 12th day of October, 1869. The so-called widow, as a reply to the allegation of the prior marriage, admits the former marriage, but claims that the decedent, Theodore A. Lord, between the years 1870 and 1875 obtained a decree of absolute divorce from his first wife Julia Clinton Lord, in the courts of the state of California, and that the records of

said decree of divorce were destroyed in the conflagration caused by the earthquake in San Francisco, Cal. She substantiates this by submitting declarations of the decedent showing that he had obtained such a divorce, and also by affidavits from the attorney who procured the divorce; said attorney claiming that all of the records in his office were destroyed in the fire above mentioned.

Under section 2610 of the Code of Civil Procedure (old section 2615) the following persons must be cited upon a petition for probate:

"(1) If the will relates exclusively to real property, the husband or wife, if any, and all the heirs of the testator. (2) If the will relates exclusively to personal property, the husband and wife, if any, and all the next of kin of the testator. (3) If the will relates to both real and personal property, the husband or wife, if any, and all the heirs, and all the next of kin of the testator. * * * "

No citation was ever issued to the so-called widow of Theodore A. Lord in this proceeding. Assuming that she was the widow of Theodore A. Lord, there can be no question as to the right of the surrogate to open the decree of probate and allow her to intervene.

Under section 2490, subd. 6, of the Code of Civil Procedure, the surrogate is given power:

"To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

This provision is in substance the same as section 2481, subd. 6, of the old Code. As it is conceded that the so-called widow was never served with a citation in this proceeding, this would give the surrogate the right to open the decree on the grounds of "other sufficient cause." Matter of Harlow, 73 Hun, 433, 26 N. Y. Supp. 469; Matter of Donlon, 66 Hun, 199, 21 N. Y. Supp. 114; Matter of Crumb, 6 Dem. 478; Matter of Lyon, 73 Hun, 433, 26 N. Y. Supp. 469; Matter of Odell, 1 Misc. Rep. 390, 23 N. Y. Supp. 143; Matter of Thompson, 41 Misc. Rep. 223, 83 N. Y. Supp. 983.

I have carefully considered the voluminous affidavits submitted, both in support of and against this motion, and have come to the conclusion that the so-called widow should be given a chance to offer proof in a court of record in substantiation of her alleged marriage. I will open the decree and give the so-called widow a chance to intervene in the probate proceeding, granting her an opportunity to examine witnesses, file objections, etc., the same as if she had been cited on the original probate.

[2] The next question to be considered is one of procedure, as the will in this case was offered for probate prior to the new Surrogate's Practice Act (Laws 1914, c. 443), which went into effect September 1, 1914. The law in effect at the time of the offering of the will for probate will control. If objections are filed and answers interposed attacking the validity of the so-called marriage, then this court as a preliminary proposition will hear and determine the question of the alleged marriage. If this court determines that there was no mar-

riage, then the objections will be dismissed. Courts are concerned only in hearing and determining the rights of those who have an interest in property, where there may be a violation of some right. Matter of Nelson, 89 Misc. Rep. 25, 152 N. Y. Supp. 734.

As to the right of this court to hear and determine as a preliminary proposition the question of this so-called marriage there can be no doubt. Matter of Hamilton, 76 Hun, 200, 27 N. Y. Supp. 813. Judge Van Brunt, who wrote the opinion, said as follows:

"* * * The principal objection urged by the counsel for the appellant, which, however, was not taken during the progress of the trial before the surrogate, was that the court erred in trying the question as to the status of the appellant as the widow of the decedent before taking testimony as to the factum of the will. It is urged that the appellant was made a party to the proceeding by the petition of the executor for probate, and that by section 2528 of the Code it is provided that the appearance of a party against whom a citation has been issued has the same effect as the appearance of a defendant in an action brought in the Supreme Court. We think in the presentation and argument of this objection, which goes to the jurisdiction of the surrogate, that the learned counsel has overlooked the authority which is vested in the surrogate, and which is necessary in the performance of his duties, and that he has also sought to invest the appearance of a defendant in an action in the Supreme Court with a sanctity to which it is not entitled. It is a very familiar rule in the conduct of a trial of cases, particularly those in the nature of equity proceedings, where there is a preliminary question as to the right of one of the parties either to bring the action or to intervene as a defendant, to try such question and to determine the status of the parties before attempting to pass upon the final rights in respect to which the action is brought. Such is the foundation of almost all interlocutory judgments in equity actions, except those entered upon demurrers. In actions for a partnership accounting, it is familiar practice where the partnership is denied, as to one of the parties, to first try the question of partnership before allowing such party claiming to be a partner to vex the court and the other party to the litigation with his presence in a controversy in which he may have no interest. So, in the case at bar, only those persons who are interested in the probate of this will had a right to contest the same. The provision of the statute is (if the will relates to both real and personal property, as in this case) that the husband or wife, if any, or the heirs or next of kin of the testator, and all persons in being who would take an interest in any portion of said personal property, and the executor or executors, trustee or trustees, named or described in the will shall be cited. And it provides that any person, although not cited, who is named as a devisee or legatee in the will propounded, or who is otherwise interested in sustaining or defeating the will, may appear and support or oppose the application. These provisions of the statute show that only those persons who are interested in the question as to whether the will shall be probated or not can be heard to support or oppose the application. And it seems to be a proposition which hardly needs a suggestion for its refutation that one person cannot give another a standing in court for contesting the probate of a will by naming him in the petition as being that which he is not. Any person designated in the will as executor, devisee, or legatee, or any person interested in the estate, or a creditor of the decedent, may apply to have a will admitted to probate. Can it be that any one of these parties, by simply naming another party as an heir or next of kin, or a wife or husband, as the case may be, can give that person a status to contest the probate of a will in which he has not the slightest possible interest, because the relationship does not exist? Clearly not. As in respect to the other procedures of the Surrogate's Court, those incidental powers which are necessary for the fulfillment of the duties imposed upon him by statute are possessed by the surrogate, as was recognized in Matter of Peaslee, 73 Hun, 113 [25 N. Y. Supp. 940]. So in reference to the probate of a will, where the right to support or oppose such application depends upon in-

terest, has the surrogate the right to determine the status of the party proposing to contest. Upon an accounting for the purpose of distribution of an estate, the surrogate has the power to construe the will so far as it affects his decree of distribution. This is an incidental power. He now has, by provision of the statute, the power upon the probate of a will to make such construction where then required. And to say that a party may come in and delay the proceedings without establishing any right or status seems to place such proceedings at the mercy of any interloper who may have the assurance to claim an interest, even though without the slightest foundation.

"It is urged that the Surrogate's Court has no equity jurisdiction. It is undoubtedly true. And it is further urged that therefore the court could not decree that this appellant was not the widow of the testator; and in support of this proposition our attention is called to the well-established principle that the Surrogate's Court has no power to annul or set aside, on the ground of fraud, a release executed by the parties interested in the estate to the executors thereof. But it has never been held that the Surrogate's Court had no power to try the question as to whether any such alleged release existed or not. The Surrogate's Court would undoubtedly have the right to try the question of a release presented before him as to whether it had ever been signed, or whether it was a forgery; and it is a similar question which was being determined by the surrogate in reference to the alleged marriage with the testator. He was not making a decree annulling the marriage. He was simply determining the question as to whether the contestant had any status in his court by reason of her being the testator's widow. In order that this performance in New Jersey between Hamilton and the appellant should be a marriage, it was necessary that both parties should be free to contract, and if either party was under a disability, although the parties went through the forms of a marriage, there was no marriage, and that is all that the surrogate attempted to determine. If the appellant, by virtue of an alleged marital relation, was seeking to enforce her rights in a court of law, those rights could be defeated by showing that no such relation existed, because, at the time of the attempted contract, of the disability of one of the parties. This has always been the rule, and the surrogate, in passing upon the status of this contestant, assumed no equity jurisdiction, but was passing upon a legal question.

"It is further urged that in any event the legatee who filed the objection to the appearance of the appellant as a contestant of this will, being simply a defendant to this proceeding to probate the will, had no right to question the status of this contestant. The force of this objection we are unable to see. Any party interested had the right to bring this question to the attention of the surrogate, and in the orderly conduct of the proceeding ask him to pass upon it. The proceedings for the probate of the will did not belong to any of the parties, but belonged to the court. The court has a right to bring in other parties, to allow other parties to be heard, and to determine whether parties claiming to be heard have any status in the proceeding whether any of the other parties object or not. It seems to be assumed by the appellant that the surrogate is a mere agent of the proponents of the will; that he has no powers of his own for the purpose of seeing that justice is done. This is contrary to the whole scope of the authority conferred upon the surrogate in the probate of wills. He is bound to see that the proceedings are regularly conducted, to hear those entitled to be heard, and to prevent contests of wills by persons who have no interest."

For other authorities to the same effect, see Matter of Bethune, 4 Dem. 392; Matter of McGarren, 112 App. Div. 503, 98 N. Y. Supp. 415; Matter of Garner, 59 Misc. Rep. 116, 112 N. Y. Supp. 212.

Motion to open decree granted.

Motion granted.