## Matter of Proving the Last Will and Testament of HANNAH MARX, Deceased.

(Surrogate's Court, Bronx County, October, 1919.)

Surrogates' Courts — jurisdiction — wills — trial — Code Civ. Pro. § 2550.

> After a jury trial in a probate proceeding the court directed the entry of a decree admitting the will to probate valid to pass personal property and ordered that supplemental citations issue to certain of the next of kin who, though they had not been named in the petition for probate, were present at the trial. *Held,* that not until they had been duly served with a supplemental citation did the court acquire jurisdiction of them and that notwithstanding the decree directed to be entered, they had a right to file objections to the probate of the will.
>
> Under section 2550 of the Code of Civil Procedure, a decree should be entered establishing the will as against the parties of whom the court had jurisdiction at the time of the trial, in accordance with the adjudication then made, and that the objections filed by the persons cited since the conclusion of the last trial should be heard and determined in due course.

PROCEEDINGS on entry of decree on a contested probate.

Cohn & Cohn, for petitioner.

Gallert & Heilborn, for contestant.

Isaac S. Heller, for contestant.

Maurice S. Cohen and Howard C. Kelly, special guardians.

SCHULZ, S. The contested probate of a document offered as the last will and testament of the decedent was tried before this court with a jury, and upon the evidence and the answers made by the jury to the controverted questions of fact submitted to them the court directed that a decree be entered admitting the said instrument to probate as the last will and testament of the decedent valid to pass personal property. Thereafter two orders were made directing supplemental citations to issue to certain next of kin whose names had not been set forth in the petition.

It is urged that the evidence taken and the proceedings theretofore had proving the will should stand, that a decree admitting the document to probate and adjudging the same to be a valid will to pass personal property should be made and that the persons named in the supplemental citations should be bound thereby with the same force and effect as though they had been cited previously to the trial. This contention is based upon a statement that two of the persons to whom such supplemental citations were directed were actually in court during such trial.

These two next of kin thus cited have appeared and filed objections to the probate of the document. One

other known next of kin and possibly other unknown next of kin who were also cited have not appeared.

Section 2511 of the Code of Civil Procedure so far as material provides as follows:

"The surrogate's court, in any proceeding before it, shall have jurisdiction of the following described persons:   *   *   *

"2. Parties who have been duly cited,   *   *   *

"3. Persons of full age who have not been judicially declared to be incompetent to manage their affairs.

"a. Who shall, either before or after the filing of the petition, waive the issue or service, or both, of the citation by an instrument in writing signed, acknowledged, or proved, and duly certified.

"b. Who, whether named in the petition or citation or not, shall appear personally in court and file written signed notice of appearance acknowledged, or proved, and duly certified.

"c. Who, whether named in the petition or citation or not, shall appear by attorney whose authority in writing to appear, so signed, acknowledged, or proved, and duly certified, shall be filed."

As the next of kin brought in by supplemental citations had not been cited and had not waived the issue and service of the citation nor appeared personally or by attorney they were not parties to the proceeding when the matter was tried and are now entitled to their day in court. The court had no jurisdiction of them until they were brought in by the supplemental citations, and therefore their right to file objections and to have the same determined after the court had acquired jurisdiction still exists. *Matter of Estate of Odell*, 1 Misc. Rep. 390; *Matter of Harlow*, 73 Hun, 433.

To the two legatees who have appeared and filed objections the proponent of the will has offered or caused to be offered an amount which, he says, is equal

to the sum to which they would be entitled as next of kin in the event of their success in establishing the objections that are urged and thus preventing the probate of the will, and he claims that having made such offer the persons are no longer interested in the controversy and have no standing as contestants. With this contention I do not agree. It is impossible at this time to state with absolute certainty what the amount is to which these next of kin will become entitled. That could only be definitely fixed and established by a final accounting in which they would have a right to be heard. I hold that they have a standing in the present controversy and have a right to have the objections filed by them considered and determined in accordance with the provisions of the Code and the practice of this court.

The parties of whom the court had jurisdiction at the time of the hearing and determination by the jury as hereinbefore referred to are bound by the adjudication arrived at (Code Civ. Pro. § 2550) and a decree should be entered establishing the said instrument as against them in accordance with the determination made at that time. *Bailey* v. *Stewart,* 2 Redf. 212, 227; affd., 14 Hun, 3; *Samson* v. *Samson,* 64 Cal. 327; 30 Pac. Repr. 979.

With regard to the objections interposed by the persons cited since the conclusion of the last trial an order should be settled as provided by rule XII of this court fixing the controverted questions of fact to be submitted to a jury and the matter should be placed upon the jury trial calendar for future determination.

Decreed accordingly.