In the Matter of the Estate of LESLIE GORDON CLARKE, Deceased.

Surrogate's Court, Orange County, September 22, 1932.

*Ransom H. Gillett*, for the petitioner.

*Clifford S. Beattie*, for the executor.

TAYLOR, S.   An order to show cause why the probate of this will should not be vacated and set aside and a supplemental citation issued, directed to the petitioner, the decedent's husband, was issued, and upon its return date the executor, while not denying any of the allegations of the petition, raised the preliminary question that the order should also have been directed to all others interested in this estate.

It appears from the petition that the petitioner and decedent were married in November, 1915, and that two children were born to them, one of whom has since died.   Differences arose between husband and wife and they separated in April, 1926.   It is further alleged that petitioner and his wife down to the time of her death corresponded with respect to the welfare and interests of the children.   It is also set out that there was correspondence between petitioner and one of his children.   The wife died August 5, 1931, and after that date, without knowledge of her death, the peti-

tioner directed and mailed letters to the wife. The envelopes bore the petitioner's return address but were not returned to him. There are other allegations in the petition tending to show that both the wife and the daughter knew the petitioner's address.

Although there is precedent for the position that the decree should be vacated and set aside as to the petitioner and a citation issued to him, assuming the truth of the allegations in the petition (*Clarkson* v. *Butler*, 173 App. Div. 143), there are in my judgment more controlling features.

The allegation in the petition for the probate of the will is merely " that your petitioner has made diligent inquiry to ascertain the address and place of residence of the above named George Clark but has been unable to ascertain the same."

Upon this petition an order was made for service of the citation upon the husband, the petitioner here, and there was such publication.

The statute is clear as to what must be shown to entitle one to an order of publication. Section 51, subdivision 3, of the Surrogate's Court Act provides that a petition must substantially set forth " if the name or post-office address of any such persons [those to be cited] is unknown, the facts which show what effort has been made to ascertain the same," and section 57, providing for service of a citation by publication, provides that such order must be made upon the petition or upon an affidavit " which must set forth to the satisfaction of the surrogate the facts which show that the case is one of those specified in section fifty-six of this act — and that the petitioner has used due diligence to ascertain the names and post-office addresses of the parties whose names or post-office addresses are unknown."

The revisers who presented the 1914 review of the chapter of the Code of Civil Procedure relating to Surrogates' Courts noted, with respect to section 2521 of the Code of Civil Procedure, now section 51 of the Surrogate's Court Act, that the first five subdivisions are jurisdictional, and the provision with respect to setting out facts showing due diligence hereinbefore quoted is among them.

The mere statement that the whereabouts of a given person cannot be ascertained with due diligence is a conclusion. It was incumbent to set out in the petition for probate or in an accompanying affidavit the facts which would prove the exercise of due diligence and thereby give the surrogate jurisdiction to find that such due diligence had been exercised. Without some proof of the efforts used to locate such person the surrogate had no jurisdiction to find that requisite due diligence had been used. The petitioner could not decide for himself what " due diligence " was, or that

he had exercised it or that personal service could not be obtained by the exercise of it for that involved a judicial finding (*McLaughlin* v. *McCann*, 123 App. Div. 67.)

Although the case did not involve any question as to the sufficiency of allegations to procure an order of publication, it was held in *Matter of Murphy* (141 Misc. 272) that a petition for administration which alleged merely the names of the alleged next of kin " as far as they are known to your petitioner or can be ascertained by her with due diligence," following the wording but not the direction of the statute, was insufficient.

Statutes which permit process to be served by publication or personally without the State have modified the general rule that the process of the court must always be served personally within the jurisdiction of the court. Such acts being in derogation of the common law must be strictly construed and all their provisions must be fully complied with in order to give the court jurisdiction of the person served. (*Rome Trust Company* v. *Cummings*, 123 Misc. 884, 885; *Fair* v. *Kenny*, 103 id. 412, 414; *Korn* v. *Lipman*, 201 N. Y. 404.)

The validity of the order for the publication of the citation must be judged solely upon the facts in the affidavit or petition upon which the order was granted. (*Matter of Norwood*, 111 Misc. 530; *Matter of Harlow*, 73 Hun, 433; *Matter of Gahn*, 110 Misc. 96.)

The executor made the preliminary observation that the order to show cause ought to have been directed not only to the executor but to all others interested in the estate. The probate decree is conclusive against all who were cited and should be opened only for the purpose of making the petitioner a party so that he may file objections, and it will be unnecessary to cite those who have already been cited. The court had complete jurisdiction of the subject and of those persons but not of the petitioner. (*Matter of Odell*, 1 Misc. 390; *Matter of Gahn*, 110 id. 96, 102.)

It is possible, although because of the institution of this proceeding it would seem quite improbable, that the petitioner, even though he be personally served with citation, will not file objections. If that should be the course followed then the others interested in this estate would not be prejudiced; on the other hand, if objections are filed by this petitioner, then it is necessary that notice of the filing of such objections be served upon the legatees and devisees with the statement that the objections will be heard on a day fixed in such notice. (Surr. Ct. Act, § 148.)

The decree of the probate will be vacated and set aside as to petitioner, decedent's husband, and a supplemental citation issued directed to him only.

Settle order on two days' notice.