Charles T. Major, J.
Claimant asks for an order granting her permission to file a late claim to recover damages for the wrongful death of her intestate alleged to have been caused by the State’s negligence on October 27, 1954.
Claimant was appointed administratrix of decedent’s estate on March 9, 1955. A notice of intention to file such claim was timely prepared, verified and mailed to the clerk of the Court of Claims and to the Attorney-General’s office on March 14, 1955 and received in each of these offices on the following day, March 15. This was a proper and sufficient method of. filing with the clerk of the court and service on the Attorney-General. No objections were raised as to the sufficiency of the notice as provided by section 253 of the Civil Practice Act. This is the responsibility of the Attorney-General. A statement in his letter acknowledging receipt of such notice “ subject to whatever legal objections may apply thereto ” does not extend his time to act under the Civil Practice Act provision. Failure of the Attorney-General to serve notice, within the time prescribed by law, that he elected to treat the notice of intention to file a claim as a nullity, is a waiver of the defect. (Grant v. State of New York, 192 Misc. 45.) The filing of a notice of intention to file a claim is an administrative act on the part of the clerk of the court and he has no responsibility of rejection for technical legal reasons.
*957 A filing is the delivery of a document to a specified officer for permanent keeping as a notice and/or record in the place where his official records and papers are kept. (Stanley v. Board of Appeals of Vil. of Piermont, 168 Misv. 797; Gates v. State of New York, 128 N. Y. 221; People v. Peck, 67 Hun 560; Fink v. Wallach, 47 Misc. 247; Matter of Norton, 25 Misc. 48; Sweeney v. City of New York, 225 N. Y. 271; Matter of Bd. of Supervisors of Chenango County, 145 Misc. 353.)
If a notice of intention was not filed or was filed and withdrawn, then there is no filing within the prescribed time, and such facts as were presented on this motion are insufficient for the court to exercise its discretion. (Landry v. State of New York, 1 AD 2d 934.)
For the purposes of this motion, the court must accept as true the undisputed facts set forth in the moving papers. The notice of intention was received by the clerk. It was sent back by the clerk to claimant’s attorney in response to a telephone request. Claimant’s moving papers show that her attorney asked the clerk to send back the notice of intention for the purpose of making additional copies and to ascertain whether it was the original or a copy which was sent to the clerk. This is not disputed by the State.
This court is of the opinion that the notice of intention to file the claim herein was timely filed and was borrowed from the clerk, but not withdrawn.
Therefore, the time within which claimant may file her claim has not expired. The order requested is unnecessary.
Motion is denied without prejudice to future motions or proceedings. Submit order accordingly.