Joseph A. Cox, S.
This is a proceeding brought by an executor named in a prior will and a distributee, the decedent’s nephew, to vacate and set aside a decree which granted letters testamentary to the decedent’s widow and admitted to probate a will allegedly executed by the decedent on July 11, 1960. The decedent died on September 7, 1960 and the petition for probate of the 1960 will was filed in this court on September 8, 1960 at which time the prior will was not on file in this court. Under these circumstances the executor named in the prior will, who is not a distributee, is not a necessary party and has no standing in this proceeding.
.However, the nephew who is a necessary party claims that the decedent’s distributees, who are the decedent’s brother and the said nephew, were never served with citation and had no notice of the proceeding to probate the 1960 will. As a result the matter was set down for hearing on the issue of service. Service upon the said distributees was allegedly made by publication pursuant to an order of this court dated September 19, 1960. The order required the publication of the citation in one newspaper, the New York Law Journal, once a week for four successive weeks and the mailing of a copy of the citation to the persons listed as distributees therein. Receipt of the citation by mail is denied by the distributees.
Section 58 of the Surrogate’s Court Act requires that a citation be served upon the persons named in the order by publication in two newspapers therein designated “ unless from the petition or affidavit filed it appears that the aggregate value of the shares or interests in the estate or fund of all the persons to be served by publication amounts to less than five thousand dollars ” and in such a case only one newspaper shall be designated.
The affidavit upon which the order for service of publication by citation was obtained contains the statement that ‘ ‘ the estate of the deceased is more than $15,000 and less than $18,000. That the share of each of the distributees as to whom publication of the citation is sought is less than $2,500.00.” This statement on its face satisfies the statutory requirements for the issuance of an order for service of the citation by publication in one news *369 paper. The facts are that the estate exceeds $46,000 and the question now to be determined is whether valid service of the citation was effected which conferred upon this court the jurisdiction necessary for the entry of the probate decree.
It is the contention of the attorney for the executrix that at the time he made the affidavit upon which the order for service by publication of citation is based he did not know that the estate exceeded $18,000. He further contends that it was not until shortly after November 1, 1960, after letters testamentary were issued to the executrix, that the decedent’s safe-deposit box was opened and the additional assets were discovered. It is admitted that the executrix knew that her husband had certain investments and that dividend checks were available from which it is claimed her attorney calculated the number of shares of stock owned by the decedent and the value of such shares. It would appear that no other inquiry was made in order to ascertain the approximate size of the decedent’s estate. No attempt was made to obtain an order to open the decedent’s safe-deposit box and from the record it does not appear that anything was done which would enable the executrix or her attorney to accurately evaluate the decedent’s assets. Indeed the haste with which the will was offered for probate would preclude the making of any real attempt to obtain an accurate evaluation of the decedent’s estate. Despite this the attorney for the executrix on September 19, 1960 made a sworn statement in writing that the decedent’s estate was more than $15,000 and less than $18,000. In order for the estate to qualify for publication in one newspaper the estate would have to be less than $20,000 because if the estate was more than $20,000 then the shares of the distributees under section 83 of the Decedent Estate Law would necessarily aggregate more than $5,000. The estimate placed upon the value of the decedent’s assets by the attorney for the executrix was not vague or indefinite. In fact to adjudge the value of an estate at between $15,000 and $18,000 would indicate not a vague knowledge of the decedent’s assets but rather a comprehensive knowledge of such assets.
The due process of law guaranteed by the Constitution requires that notice be given to every person against whom an action or proceeding is instituted by lawful service of process upon him. As stated by the Court of Appeals in Korn v. Lipman (201 N. Y. 404, 406): “ The general rule in regard to the service of process established by centuries of precedent is that process must be served personally within the jurisdiction of the court upon the person to be affected thereby. Substituted service when provided by statute is in derogation of such general rule, and, *370 consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court. ’ ’ (See, also, Fink v. Wallach, 47 Misc. 247; Rome Trust Co. v. Cummings, 123 Misc. 884.) In line with this established principle the Appellate Division held in Clarkson v. Butler (173 App. Div. 143) that any erroneous statement of an essential fact contained in the affidavit upon which an order for substituted service was issued invalidates service made pursuant to such order. These principles apply equally to service of process made pursuant to orders of service by publication. (Matter of Owen, 144 Misc. 688; Matter of Clarke, 144 Misc. 705; Fink v. Wallach, supra.)
In Clarkson v. Butler (supra) the court held that service made by substituted service pursuant to an order therefor issued upon the allegation that the defendant, a resident of the State, had been continuously without the State for six months prior to the granting of the order was void upon a showing that the defendant had not in fact been absent from the State.
In Matter of Clarke (supra) the court held that service of citation by publication was invalid when the order authorizing such service was based upon an allegation that diligent inquiry had been made to learn the place of residence of a distributee when it was shown that little or no effort was made to ascertain his whereabouts.
It appears to this court that the case at bar is analogous to both the above-cited cases. The order authorizing the service of citation by publication in one newspaper was based upon a misstatement of an essential fact the falsity of which could have been discovered by diligent inquiry. As a result no effective service by publication has been made upon the distributees and the court has not acquired jurisdiction over necessary parties to the proceeding. The application of the distributee to vacate the decree of probate is therefore granted.