[In Bank.— November 21, 1883.]

FANNIE REIS SAMSON, RESPONDENT, v. FANNIE M. SAMSON, DEFENDANT AND JACOB Z. DAVIS, INTERVENOR, APPELLANT.

WILL—ORDER ADMITTING TO PROBATE—MINOR HEIR—An order of a probate court admitting a will to probate, there being no contest of the will, is not a conclusive determination of its validity as against minor heirs.

ID.—ANNULLING A WILL—EFFECT OF DECREE.—A decree annulling a will, upon an application made by a minor heir, operates upon the interest of the applicant only. It does not act in favor of those heirs who have lost their right to contest the will by lapse of time.

APPEAL from a decree of the Superior Court of the city and county of San Francisco.

The appellant, Jacob Z. Davis, intervened in the proceeding, claiming an interest in a certain portion of the real estate, by virtue of the lien of a judgment against Mrs. Fannie M. Samson.

The other facts are stated in the opinion of the court.

*Mastick, Belcher & Mastick*, for Appellants, contended that the decree of the Probate Court admitting the will to probate was conclusive as to the status of the will, and the competency of the testator. (Citing, Code Civ. Proc. § 1908; *Castro* v. *Richardson*, 18 Cal. 480; *State* v. *McGlynn*, 20 Cal. 233; *Woodruff* v. *Taylor*, 20 Vt. 65; Freeman on Judgments, § 608; 1 Story Eq. Jur. § 440; 2 Smith's Leading Cases, 6 Am. Ed. 832, 833.) In any event the rights of the minor only can be protected by this proceeding. (*McCreery* v. *Everding*, 44 Cal. 284; *McKinley* v. *Tuttle*, 34 Cal. 237.

*P. B. Ladd, S. Heydenfeldt,* and *Wilson & Otis,* for Respondent.

An order of Probate Court is not conclusive until after a contest on issues joined. (§ 1333, Code Civ. Proc.; *Castro* v. *Richardson*, 18 Cal. 480; *State* v. *McGlynn*, 20 Cal. 233; *Sophie* v. *Duplessis*, 2 La. 724; *Leonard* v. *Carrie*, 10 La. 78; *Scott* v. *Calvit*, 4 Miss. 148.) The will must be revoked as a whole, and not as to the interest of a single heir. (*Johnston* v. *Glasscock*, 2 Ala. 218; *Curry* v. *Bratney*, 29 Ind. 195; *Dale* v.

*Hayes,* 14 Mon. B. 254; *Scott* v. *Calvit,* 4 Miss. 148; *Gibson* v. *Lane,* 9 Yerg. 475; *Davis* v. *Port,* Tread. 505.)

Ross, J. — This is an appeal from a judgment made and entered Nov. 26, 1880, revoking the probate of a will which had been admitted to probate in the year 1870. The revocation was had upon proceedings initiated on the 26th of July, 1880, by and on behalf of a minor child of the deceased, under and by virtue of that provision of the statute which saves to infants and persons of unsound mind a period of one year after their respective disabilities are removed within which to contest the validity of a will. The deceased left surviving him a widow and four minor children. Shortly after his death the widow presented to the proper Probate Court a document purporting to be the last will and testament of the deceased, together with a petition praying its admission to probate. An order was duly made by the court, fixing a day for hearing the petition and proving the will, and directing notice to be given and the proper citations to be issued and served. Citations were duly issued and served upon the minor children, and the court appointed an attorney to represent them at the hearing. At the time appointed proof was taken, and with the consent of the attorney for the minor heirs, the court admitted the document to probate as the last will and testament of the deceased, and appointed the widow executrix, she being named in the will as executrix and sole devisee, the children being by name expressly excluded from any share in the estate. Letters testamentary were afterwards issued to the widow, the estate administered, and finally, in 1875, about five years after the administration was begun, a final decree of distribution was entered by which all of the property of the estate remaining undisposed of was distributed to the widow; and the administration was then brought to a close. No further step was taken in the matter of the estate until July 26, 1880, when one of the children, then seventeen years of age, filed a petition in the court of probate for the revocation of the will upon the ground that at the time of the execution of the instrument the deceased was *non compos mentis* and therefore incompetent to make a will. It is said for the appellant that the order made by the Probate Court in 1870

admitting the document to probate as the last will and testament of the deceased, is a conclusive determination of its validity, since all of the heirs and parties in interest were then before the court and the court had jurisdiction of the subject-matter. It is not necessary to determine how this would be if it appeared that at that time a contest was made on behalf of the heirs, to which the provisions of the statute in relation to new trials and appeals would have applied, for it does not appear that any contest arose until the filing of the petition on behalf of Fannie Reis Samson on the 26th of July, 1880, which was within the time allowed her by section 1333 of the statute for that purpose. Meanwhile, however, the other heirs had permitted one year after the removal of their respective disabilities to pass without instituting any contest; and the point is made that as to them, at least, the decree of probate is conclusive. The position, we think, must be sustained. We see no difficulty in avoiding the probate so far as the interests of the contesting heir are concerned, and permitting it to stand so far as concerns the heirs who have lost their rights by lapse of time. It must be remembered that, as the Probate Court had jurisdiction of the subject-matter and of the parties, its order admitting the document to probate is not void, but voidable merely. In this connection we quote the language of the Surrogate in *Bailey* v. *Stewart*, 2 Redf. 227: "It is quite clear to my mind where a petition shows a case conferring jurisdiction, the Surrogate has authority to act in the premises and it is not true to say that the subsequent discovery of persons who were entitled to an interest in the estate as heirs, would render the decree void. Such a state of facts would only render the decree inoperative as to the person so discovered to be entitled. Suppose, as an illustration, that a testator should die, leaving, as is supposed, but three children, and upon that assumption, the will should be probated, and many years thereafter it should turn out that a fourth child supposed to be dead, was living, can it be seriously pretended that such a discovery would render a probate void? If so, most disastrous consequences might result to the estate and to those who had become possessed of it. The most that could be said in such a case would be that the probate might be avoided so far as the interests of the heir not cited are

concerned, and that the probate for that purpose would be set aside, if at all, on appeal to the discretion of the Surrogate."

Cause remanded with directions to the court below to modify the judgment in accordance with the views expressed in this opinion.

MORRISON, C. J., MYRICK, J., and THORNTON, J., concurred.

Petition for rehearing denied.