[No. 11547. In Bank. — June 27, 1887.]

L. C. KEARNEY ET AL., APPELLANTS, *v.* E. M. KEAR-NEY, RESPONDENT.

ESTATE OF DECEDENT — SETTLEMENT OF — PROCEEDINGS IN REM — PERSONAL NOTICE NOT REQUISITE. — Proceedings in probate for the settlement of the estates of deceased persons are in the nature of proceedings *in rem;* and judgments rendered therein, so far as they relate to the disposition of the property of the estate, are binding upon the parties interested, without any personal notice to them. In these proceedings only such notice is required as is provided by positive law.

ID. — SETTING APART HOMESTEAD TO SURVIVING WIFE — NOTICE TO HEIRS. — Under section 1465 of the Code of Civil Procedure, a decree made in the matter of the estate of a deceased person, setting apart a homestead out of the common property of the estate for the use of the surviving wife of the deceased, is valid, although no notice of the application for the homestead was given to the heirs.

ID. — VALUE OF HOMESTEAD WHEN THERE ARE NO MINOR CHILDREN. — In such a proceeding, if no homestead has been selected by the parties during their marriage, a homestead not exceeding five thousand dollars in value may be set apart for the use of the surviving wife, out of the common property of the deceased, although there are no minor children.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*L. W. Elliott,* and *John C. Byers,* for Appellants.

*Carter, Smith & Keniston,* for Respondent.

SEARLS, C. J.—This is an equitable action brought by the plaintiffs as heirs at law of J. W. Kearney, deceased, against the defendant, the widow of decedent, to set aside a certain decree of the Superior Court in probate, whereby a homestead was set apart to defendant.

The cause was tried by the court, findings in writing filed, upon which judgment in favor of defendant was entered. Plaintiffs appeal from the judgment, and the cause comes up on the judgment roll

The *gravamen* of the charge is fraud in procuring the decree whereby the homestead was carved out of decedent's estate, and that no notice was given of the application or hearing in the proceeding for such decree.

The defendant was appointed administratrix of the estate of her deceased husband. There were no children, and the heirs at law other than the widow are two brothers and a sister.

The property in question, upon which deceased and defendant had their residence prior to the death of the former, consisted of 320 acres of land, and was appraised at $4,200.

Subsequent thereto, and on the 18th of March, 1878, defendant applied to the Probate Court by petition to have the same set apart to her as a homestead, and on a hearing before the court, but without notice to the other heirs, the property was found to be of less value than five thousand dollars, and was, by a decree duly entered, set apart to defendant, the widow, as a homestead.

In this action the court finds that the homestead, when

set apart, was of the value of ten thousand dollars, but that defendant in good faith believed the same was of no greater value than five thousand dollars, and the findings negative any fraudulent intent on the part of defendant.

Subsequently to the order setting apart the homestead, the usual proceedings for a distribution of the residue of the estate were had, of which due notice was given, and in which proceedings it affirmatively appeared that the homestead had been set apart, etc. The residue of such estate was, by decree of April 7, 1879, duly distributed.

On the 22d of February, 1883, the plaintiffs moved the Superior Court, as the successor of the former Probate Court, to set aside the decree of homestead upon the same grounds substantially as urged here, which motion after a hearing was denied by the court, whereupon this action was instituted.

The property in question was community property of defendant and her deceased husband, upon which they had resided for many years prior to the death of the latter, and they had no homestead under any statute.

The first contention of appellants is, that the decree setting apart the homestead is void for want of jurisdiction in the court to hear and determine the same without notice. Probate proceedings and the judgments rendered therein are in the nature of proceedings *in rem*. In other words, such judgments are founded in proceedings, not against persons as such, but against or upon the thing or subject-matter itself, whose *status* or condition is to be determined, and the judgment when rendered is a solemn declaration of the *status* of the thing, and *ipso facto* renders it what it declares it to be. ( *Woodruff* v. *Taylor*, 20 Vt. 65.)

The probate of a will establishes its *status*, and such *status* adheres to the will and concludes the whole world, subject only to be avoided by such direct proceedings to

that end as may be provided by some affirmative law. (2 Smith's Lead. Cas., 6th Am. ed., 669, and cases cited; *Deslonde* v. *Darrington's Heirs,* 29 Ala. 95; *Woodruff* v. *Taylor, supra; State* v. *McGlynn,* 20 Cal. 234.)

Decrees of sale of the real estate of lunatics and deceased persons stand upon the same footing. (*Latham* v. *Wiswell,* 2 Ired. Eq. 294; *Wyman* v. *Campbell,* 6 Port. 219.)

A prominent distinction between proceedings *in personam* and proceedings *in rem* consists in the different methods by which jurisdiction is obtained by the court. In the former, jurisdiction of the parties is obtained by personal service or its equivalent, while in the latter, or at least in such cases coming under that head as relate to *things* exclusively, jurisdiction is acquired by taking possession of the *thing,* or by some act tantamount thereto, and a judgment *in rem* in such a case binds the "*res* in the absence of any personal notice to the parties." (*The Globe,* 2 Blatchf. 427.) The parties in interest in such cases are deemed parties to the suit without personal notice. (*Thomas* v. *Southard,* 2 Dana, 475.)

In this class of cases two questions only need be answered in the affirmative to uphold a judgment.

1. Did the court have the authority to determine the subject-matter of the controversy?

2. Did the court have jurisdiction over the *thing* proceeded against as a defendant? (Freeman on Judgments, sec. 611.)

The first question is answered in the affirmative in this case by our statute, which authorizes the court to act in cases like the one at bar. (Code Civ. Proc., sec. 1465.) This section provides that "upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion or on petition therefor, set apart . . . . the homestead selected, designated, and recorded. . . . . If none has been selected . . . . . . the court must select, designate, and set

apart .... a homestead for the use of the surviving husband or wife and the minor children .... in the manner provided in article 2 of this chapter, out of the common property," etc.

The answer to the second question is, that the proceeding to set aside the homestead is in the nature of a proceeding *in rem,* and that to obtain jurisdiction over the *thing* for the purpose of decreeing its *status,* only such notice is required as is provided by positive law.

We have said that in a proceeding *in rem* against *things* no notice is required; this must, of course, be taken with the proviso that the statute has not provided for notice. It is a familiar principle of law in such cases that the local law as to notice governs, and whatever provision it makes, whether for personal or constructive notice, must be obeyed. In the language of *Monroe* v. *Douglas,* 4 Sand. Ch. 182: "But such party cannot be permitted to show that he never had any notice of the suit, otherwise than by showing that the notice prescribed by the local law was not given, thereby proving the judgment to be void by that law. Actual notice in suits *in rem* is not required to be given to absentees in any system of municipal law with which I am acquainted."

The inquiry in such cases is not, Was the defendant therein served with process, or did he appear in the action? but the question is, Did the court proceed according to its own municipal laws in pronouncing the judgment or decree?

The record shows that the court in this case acquired jurisdiction of the subject-matter of the estate in the usual manner, and having such jurisdiction and authority to set apart a homestead, and the statute not requiring notice thereof to be given, we are of opinion the decree of the court in that behalf was not void for want of notice to the heirs.

It follows that the proceedings by which the homestead

was set aside are to be treated as though the plaintiffs were personally present thereat.

Evidence was there introduced as to the value of the land, and it is not suggested that any fraud or device was resorted to by the defendant, whereby plaintiffs, had they in fact been present, would have been prevented from making proofs in reference to such value.

If the defendant believed, as the court found she did, that the value of the land did not exceed five thousand dollars, there was no fraud or imposition practiced by her upon the court in bringing witnesses to establish such fact.

Appellants also contend that the statute relating to single persons permits only one thousand dollars' worth of land to be taken for a homestead.

The section referred to provides for a homestead of not exceeding five thousand dollars in value by any head of a family, and not exceeding one thousand dollars in value by any other person.

As before stated herein, the homestead is to be set apart in the manner provided in article 2 of chapter 5 of title 11 of the Code of Civil Procedure.

Referring to article 2, and we find it provides for a homestead not exceeding in value five thousand dollars.

It is true, the article as it now stands only treats of homesteads perfected before the death of the husband or wife. Section 1481 of that article, which provided the manner of setting apart a homestead of the value of five thousand dollars where none before existed, has been repealed; but as the Probate Act provided for a homestead of not exceeding five thousand dollars, where the declaration is made during the lifetime of decedent, whether there are or are not minor children, and as it provides a means whereby the court shall set aside a homestead in cases where none has before been designated, we are of opinion that the court, being called upon to do what the parties might have done, while both

were living, may properly set aside for the survivor and minor children, if any, or for the minor child or children, if neither husband nor wife is living, a homestead of any value not exceeding five thousand dollars.

This question was before this court in *Estate of Burns,* 54 Cal. 223, where it was held that a homestead not exceeding five thousand dollars in value could be set aside without notice.

The judgment is affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

TEMPLE, J., concurring.— I concur, on the authority of *Mawson* v. *Mawson,* 50 Cal. 539, and under some feeling of compulsion, in view of the consequences of a different ruling.   In *Mawson* v. *Mawson,* it was intimated that the method originally provided for setting apart a homestead in article 2 of chapter 5 of the Code of Civil Procedure had been repealed, and there was, therefore, no mode prescribed, and the court would proceed under section 187 of the Code of Civil Procedure.   Section 1465 still prescribes, however, that when no homestead has been selected in the lifetime of the deceased husband or wife, the court may proceed to set apart one as provided in article 2.   That article formerly contained other sections specifically directing the mode of setting apart a homestead in such cases.   They have been separated, but there still remains a procedure in article 2 for setting apart a homestead where one had been selected, but is found to exceed five thousand dollars in value.   This procedure *mutatis mutandis* could be made applicable.

In view of the very grave questions which have been raised in regard to the validity of these homesteads which have been set apart without notice, I suggest that probate judges adopt, as a suitable mode of proceeding, the mode still found in article 2, so far as applicable;

that is, the admeasurement and appraisal of the homestead, the report, the setting of a day for hearing, and the notice as there prescribed.

Searls, C. J., concurred in the suggestions of Justice Temple as to a proper course to be pursued in the cases indicated.