[No. 11055.   Department One. — December 23, 1887.]

IN THE MATTER OF THE ESTATE OF RICHARD T. MAXWELL, DECEASED.

ESTATE OF DECEDENT — PROBATE OF WILL — CONTEST — LIMITATION. — Under section 1333 of the Code of Civil Procedure, a party interested in the estate of a testator who was under no disability at the time of the admission of the will to probate cannot contest its validity, or the validity of any of its items, in the proceedings for the settlement of the estate, after the expiration of one year from the time the will was probated.

APPEAL from a decree of the Superior Court of the city and county of San Francisco distributing the estate of a deceased person.

The facts are stated in the opinion of the court.

*Joseph R. Brandon,* for Appellant.

*McAllister & Bergin,* and *O'Brien & Morrison,* for Respondents.

TEMPLE, J. — Maxwell died June 29, 1883, leaving a will bearing date July 23, 1882.   Letters testamentary were issued July 17, 1883.   Afterward — but when does not appear — the executors filed a petition for the distribution of the estate.   November 13, 1884, Elizabeth C, Tybout filed her exceptions to the petition.

In her exceptions she states that she is the sister and sole heir at law of the testator; that a devise contained in the will in favor of Miss E. Donnelly was obtained through fraud, and by false and fraudulent representations made by the beneficiary to the effect that she was an unmarried woman, capable of entering into a valid contract of marriage, while she was in fact a married woman, to wit, the wife of one Charles H. Kane; that the testator was ignorant of this fact, and fully believed the false statements of the beneficiary, who well knew

that her representations were false; that on June 27, 1883, the testator, induced by these false represenations, married the beneficiary under the name of Miss E. Donnelly; that afterward she continued to represent herself to Maxwell as his wife up to the time of his death, and he fully believed the representations; that the pretended contract of marriage, and the belief in the capacity of the beneficiary to perform it, was the sole motive and inducement for making the devise, and afterward for allowing it to remain unrevoked. Petitioner also shows that she did not discover the fraud in time to contest the will under the statute.

Wherefore she prays that in consequence of the fraud the devise in the will to Miss E. Donnelly may be regarded and decreed as void and of no effect, and that the property given or devised to Miss E. Donnelly be distributed to the petitioner as heir at law.

This petition containing the exceptions was demurred to, and the court held that it stated no ground for relief.

We think the ruling of the court below was correct. The probate of a will and the administration of the estates of deceased persons are proceedings *in rem,* binding upon all the world. When the court has obtained jurisdiction by the petition and notices provided by the statute, public policy requires that all persons interested shall be deemed to have knowledge so far as necessary to the validity of the proceedings. No doubt this rule will often work hardship to absent heirs who may be in fact ignorant of the death of their ancestor.

To obviate this to some extent, provision is made in the statutes of most if not all the states for a period after the will has been admitted to probate within which any person interested may appear and contest its validity. In our state the limitation is one year; and it is enacted (Code Civ. Proc., sec. 1333) that if no such contest be made the probate of the will is conclusive, saving to infants and persons of unsound mind a like period of

one year after the disability has been removed. (*State v. McGlynn*, 20 Cal. 233; 81 Am. Dec. 118; *Broderick Will Case*, 21 Wall. 503.)

No doubt these objections might have been raised upon the application to probate the will. Not having been so raised, that document is conclusive evidence as to the intent of the testator.

Whether any relief could be afforded by a court of equity it is not necessary now to decide. It may be admitted that the superior courts while acting as probate courts have all equity power necessary to the complete administration of estates, and that under our system it would not be necessary to invoke the powers of a court of chancery for any purpose within the administration.

But if this can be regarded as an effort to fasten upon the beneficiary a trust in favor of the heir because she has obtained the property by fraudulently inducing the testator to make a will in her favor, it certainly is not within the scope of those proceedings, and there is no warrant in the statute for such an intervention.

The judgment is affirmed.

McKINSTRY, J., and PATERSON, J., concurred.

Hearing in Bank denied.