ESTATE OF WILLIAM RENTON, DECEASED.
[No. 11,203; decided September 4, 1893.]

**Probate of Will—When Becomes Final.**—No probate of a will is final until the year has expired which is prescribed by statute within which a contest may be had.

**Foreign Will—Whether Subject to Contest in this State.**—A will which has been proved in another state where the probate has not yet become final is subject to contest when offered for probate in this state as a domestic will.

**Wills—Interpretation—Conflict of Law.**—The validity and interpretation of wills, wherever made, are governed by the laws of this state so far as they affect property here situated.

On June 1, 1892, a demurrer to the opposition to the probate of the will of the above-named decedent, dated December 12, 1876, was sustained, with leave to amend, and on July 7, 1892, an amended opposition was filed by the contestants. Thereafter the executor filed a demurrer to the amended opposition. It was alleged in the amended opposition that the order admitting the will to probate in the state of Washington was not final, and that under the laws of that state the will might be contested at any time within one year after its admission to probate.

Blake, Williams & Harrison, for the executors.

Crittenden, Foote & Van Wyck, for the contestants.

COFFEY, J. The proponent executor, after formally probating in the state of Washington the instrument in contest, and before the order admitting said instrument there was final, presented said instrument to this court and in this jurisdiction for probate. The contest of said instrument is now pending in both jurisdictions.

The proponent, having elected as actor to proceed with the probate of said instrument in this jurisdiction before any final order, judgment or decree admitting said instrument to probate in Washington was secured, cannot now object to a contest proceeding here.

Formal admission to probate in Washington, a contest having been filed, is not in any sense a final order, judgment or decree. It has been held by this very court in several cases that the order, judgment and decree admitting a will to probate was not final in any sense, and was not admissible even as evidence on the trial of a contest of such instrument: Estate of McGinn, post, p. 127; Clements v. McGinn (Cal.), 33 Pac. 920.

The counsel for the proponent is mistaken in his premises in assuming that there has been any probate in the state of Washington, for the very instrument has not yet finally been admitted to probate and the contest is now pending in the state of Washington.

The authorities cited by counsel for the proponent relate to a final judgment, order or decree admitting the instrument to probate, not to an order, judgment or decree that is not final.

The statutes of this state and the state of Washington not only authorize a contest of the instrument itself, but the very order, judgment or decree formally admitting to probate. If the very order, judgment or decree can be assailed and evidence offered and it can be set aside, it certainly is not in any sense a final order, judgment or decree; and if the very instrument itself can be assailed on any and every ground and can be held to be invalid, it is certainly not finally admitted to be or established to be a will.

Again, in this state this instrument would dispose of real estate, and is open to attack under the provisions of the code: Civ. Code, sec. 1376.

The proponent, having elected to come into this jurisdiction and initiate a contest here, when he knew that the instrument would be contested in Washington, and when he knew that the instrument was not finally established as a will, and the order admitting it was not final, cannot say to the contestants, "You must remain silent; you cannot object; you must allow this instrument to be admitted here although you are contesting it or intend to contest it in the state of Washington, and although you are not finally bound in the state of Washington, and although the order admitting said instrument in the state of Washington is merely in the nature of an inter-

locutory order.'' The proposition substantially contended for here by proponent is that parties can avail themselves of an interlocutory order in another state as a means of preventing any defense to the same action or proceeding in this state, although the interlocutory order is being assailed and may be set aside, and although the right to said interlocutory order in said foreign jurisdiction is not yet determined.

The law is well settled that only a real, true and final order, judgment or decree can be used in any other jurisdiction or for any purpose. Surely the proponent could not sue on a judgment rendered in another state, though that judgment was final in the nisi prius court after an appeal had been taken, and while the action was pending on appeal. Here in the present case the order, judgment or decree is not final even in the nisi prius court, and is pending and has not even reached an issue for trial: Estate of Blythe, 99 Cal. 472, 34 Pac. 108.

''There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered and finally determines the rights of the parties in relation to the matter in controversy'': Elliott's Appellate Procedure, secs. 90, 91; Western Union Tel. Co. v. Locke, 107 Ind. 9, 7 N. E. 579; Stockton Combined Harvester & Agricultural Works v. Glen's Falls Ins. Co., 98 Cal. 557, 33 Pac. 633.

There are several decisions in Myrick's Reports which seem to take this view of the matter—that is, that no probate of a will is final until the year has expired which is prescribed by the statute within which a contest may be had: Estate of Adsit, Myr. Rep. 268; Estate of Cunningham, Myr. Rep. 214. To the same effect is the decision in Martin v. Perkins, 56 Miss. 204.

The contest here is a direct proceeding to test the validity of the will offered for probate here.

While the probate of a will does establish in rem a status, yet that status is subject to be avoided by a direct proceeding provided by the affirmative law of this state: Kearney v. Kearney, 72 Cal. 594, 15 Pac. 769; Code Civ. Proc., sec. 1327.

In this connection it will be seen from the language of sections 1323 and 1324, Code of Civil Procedure, that upon the probate of a foreign will by the production of a copy thereof

and a probate thereof, the proceeding is placed upon the same basis "as a will first admitted to probate in this State"—that is, that it can be contested in the same way, and is no more conclusive than a domestic will. But in any event, even if there were here a probate such as is claimed, it could only affect at the most the distribution of personal property in this jurisdiction according to the law of the place where the testator was domiciled, and this would only come up upon an application for distribution.

Our Civil Code expressly reserves to the courts of this state the right to determine the validity and interpretation of wills, wherever made, when relating to property within this state, by the law of this state: Civ. Code, sec. 1376.

The conclusion, therefore, is that there has been no conclusive probate at all, even in Washington, of this will; and, if there had been a probate of such will, it cannot affect the right of the probate court here, as respects property in this state, to determine the "validity" of the will according to the law of this state, leaving the question of distribution to be determined as to personalty by the law of the domicile of the testator, and of the realty by the law of this state.

The contention of the proponent would be to place the probate of a will in another state upon a higher plane than a domestic will. When we come to consider that this request for foreign probates is founded on the principle of comity only, and when we read our statutes, it is plain that the contention made is entirely unfounded. In this connection it is instructive to read the following extracts from a decision of the supreme court of Rhode Island:

"The effect of a decree proving a will, like that of a decree granting administration, is confined de jure to the territory and things within the territory of the state setting up the court. . . . .

"The legislation of nearly all the states, and certainly of our own, proceeds upon the supposition that such is the limited operation of the probate of a will had in a foreign country or in another state, and provides some mode in general analogous to that pursued in England with regard to a will which has received a Scotch probate, by which conclusive operation may be given to such a will within the state, full

notice being given to all persons interested in order that they may appear and contest the same'': Olney v. Angell, 5 R. I. 203, 204, 73 Am. Dec. 62, and cases cited. ·

Our statutes proceed upon this theory, and, even if a will has been probated in another state, it is just as subject to a contest here when offered for probate as a domestic will. There is no reason whatever why our statutes should be twisted so as to announce a different rule from that which is prevalent in England as regards a Scottish probate in view of the plain provisions of section 1376, Civil Code.

What the rule of distribution may be is one thing; the determination of the ''validity'' and ''interpretation'' of a will affecting property in this state is another and a different thing.

Sections 872, 873 and 874 of Hill's Statutes, second volume, of the state of Washington, read:

''872. If any person interested in any will shall appear within one year after the probate or rejection thereof, and, by petition to the Superior Court having jurisdiction, contest the validity of said will, or pray to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issues shall be made up, tried and determined in said Court respecting the competency of the deceased to make a last will and testament, or respecting the execution by the deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

''873. Upon the filing of the petition referred to in the next preceding section, a citation shall be issued to the executors who have taken upon them the execution of the will, or to the administrators with the will annexed, and to all legatees named in the will residing in the State, or to their guardians if any of them are minors, or their personal representatives if any of them are dead, requiring them to appear before the Court on a day therein specified, to show cause why the petition should not be granted.

''874. If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding, saving to infants, married women, persons absent from the

United States, or of unsound mind, a period of one year after their respective disabilities are removed."

The laws of this state furnish the rule in regard to inheritance and distribution, and the laws of foreign countries will be disregarded, unless part of a contract: Civ. Code, sec. 1376; Estate of Baubichon, 49 Cal. 18; Estate of Baubichon, Myr. Rep. 55.

For the reasons above set forth the demurrer interposed by proponent executor to the contest herein filed is overruled, with leave to plead thereto within ten days.

On the Contest of Foreign Wills, see Estate of Kershow, 2 Cof. Pro. Dec. 213, and note.