In the Matter of the Estate of DEBORAH SANDERSON, Deceased.

Surrogate's Court, Kings County, November 25, 1935.

Richard F. Kinsella, one of the statutory distributees and a nephew of decedent, made a similar application to open his default, which was likewise granted with short memorandum (not reported).

*Abner J. Grossman*, for the petitioner, Matthew Chess, as executor.

*Samuel G. Coler*, for James Lyons, objector, and for Richard F. Kinsella, objector in separate motion.

WINGATE, S. Whereas the question raised in this proceeding is not absolutely one of first impression, the only adjudication in

point which the research of the court has disclosed was made in 1883 by the Supreme Court of California in *Samson* v. *Samson* (64 Cal. 327; 30 P. 979). The sole authority therein cited by the court was a dictum by Surrogate CALVIN in *Bailey* v. *Stewart* (2 Redf. 212, 227), which itself cited no authority for the position taken.

A recent consonant statement of principles was made by the late Surrogate SCHULZ in the course of his opinion in *Matter of Marx* (109 Misc. 58, 61; affd., 192 App. Div. 961).

In view of this dearth of authority it would seem to be of some general utility to discuss the question involved rather than to decide it merely by means of the usual routine memorandum.

The petition for probate of the will of the present decedent was filed on October 26, 1934. This recited that the only statutory distributees of the decedent were three named individuals, among others one James Lyons. James Lyons was duly cited in the proceeding and filed the usual waiver and consent which has never been withdrawn.

About a month later, a supplementary and amended petition was filed, naming additional distributees. The persons so named were duly cited and thereafter and on January 3, 1935, a decree was made admitting the will to probate.

In or about the month of June, 1935, an application was made on behalf of seven additional distributees for a reopening of the decree of probate and for permission to come in and be heard. This application was granted on July 12, 1935, the order in this regard providing that the decree theretofore made " be and the same hereby is opened without prejudice to any of the proceedings heretofore had herein or to anything had thereunder."

In assumed reliance upon this order, James Lyons has interposed objections to the probate, and the present motion has been made to strike out such objections.

It is obvious from the foregoing, that James Lyons was a party to the adjudication effected by the decree of January 3, 1935, and it is primary that " Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained." (Surr. Ct. Act, § 80; *Matter of Cronin,* 143 Misc. 559, 569, 570, affd., 237 App. Div. 856; *Matter of Moran,* 136 Misc. 615, 622; *Matter of Keeling,* 148 id. 798, 800; *Matter of Lauderdale,* 150 id. 214, 215; *Matter of Burger,* 155 id. 503, 506.)

Upon the opening of a decree in a proceeding for re-probate, therefore, the only persons who may avail themselves of the added opportunity to be heard are those who were not cited in the original proceeding and who are, therefore, not bound by the adjudication made therein. (*Dworsky* v. *Arndtstein,* 29 App. Div. 274, 278.)

The proceeding for probate is one *in rem*. (*Matter of Meiselman*, 138 Misc. 104, 107; *Matter of Larsen*, 137 id. 271, 273; *Matter of Seppala*, 149 id. 479, 480; *Matter of Mackenzie*, 152 id. 759, 760.) As to all parties to such a proceeding *in rem* the adjudication made is conclusive and binding, except upon appeal.

The opposition of the present respondent to the granting of the relief prayed is merely to the effect that his consent to the probate of the will was procured by improper means. In the present proceeding this, if true, is wholly immaterial. The fact of the consent is not denied, nor does the respondent offer any explanation respecting his delay, which has now continued for well over ten months, in moving to reopen the probate on his own account. If he is in a position to establish his claim that his consent was procured by fraud, it might well furnish grounds for reopening the decree as to him, but no application of this nature has been made, and in view of the demonstration indicated by the submission of a photostatic copy of a check apparently given him on January 30, 1935, for $1,300 in execution of the agreement on his part not to contest, it might be somewhat difficult for him to establish his position, especially since no return or tender of this consideration has been shown.

For present purposes, however, all that it is necessary to determine is that the order of July 12, 1935, reopening the decree in respect to the unserved parties meant exactly what it said, namely, that it was " without prejudice to any of the proceedings heretofore had herein," and under such order no rights were given to nor could be acquired by, a party to the previous proceeding who was bound by that adjudication on ordinary principles of *res adjudicata*.

The application to dismiss the objections of James Lyons is accordingly granted, with costs.

Enter order on notice.