[Sac. No. 5112. In Bank.—October 6, 1937.]

In the Matter of the Estate of GEORGE GOLDEN, Deceased. MARGARET HOLT HAUSER, as Administratrix, etc., et al., Respondents, v. E. T. STODDARD, Appellant.

Taft & Spurr for Appellant.

Hale McCowen for Respondent.

SHENK, J.—This is an appeal from a decree of distribution by which the entire estate was distributed to the heirs at law of the decedent.

The appellant E. T. Stoddard is not an heir but claims a share in the estate under the terms of a document claimed to be the will of the decedent and admitted to probate on

May 27, 1932. Within due time W. J. Linstead, a brother of the decedent, filed a contest of the purported will on the ground of forgery. A trial of the contest resulted in a judgment setting aside the order admitting the document to probate and revoking the order appointing an administratrix with the will annexed. The appellant herein was a party to that contest. As the sole appellant he took an appeal from the judgment revoking the probate. That judgment was affirmed by this court on September 3, 1935 (*Estate of Golden,* 4 Cal. (2d) 300 [48 Pac. (2d) 962]), and became final long before the entry in February, 1936, of the decree from which the present appeal was taken.

The heirs at law of the decedent other than W. J. Linstead, the contestant in the former proceeding, were Ed Linstead, Frank Linstead and Margaret Holt Hauser. All were named as parties to the contest of the will, but Ed and Frank were nonresidents, were not served with citation, and did not formally appear therein.

It appears to be the contention of the appellant that since Ed and Frank were not served with process and did not appear in the contest proceeding, they are bound by the order admitting the will to probate and are not in position to benefit by the judgment revoking it. Therefore, it is argued, the appellant is entitled on distribution to that portion of the share of Ed and Frank which would have come to him if the contest had not been instituted. In other words, the appellant insists that the contest of the will was a proceeding *inter partes* only and that the failure of Ed and Frank to join in the contest of the will rendered the order admitting it to probate binding upon them.

A will contest possesses some of the attributes of a civil suit, but it is essentially a probate proceeding. (*Estate of Patterson,* 220 Cal. 370 [31 Pac. (2d) 197].) As such it is in the nature of a proceeding *in rem.* (*Kearney* v. *Kearney,* 72 Cal. 591 [15 Pac. 769].) The *res* in the former proceeding involved the status of the will under which the appellant claims. It was therein determined, conclusively as far as the appellant is concerned, that the will is nonexistent. It must follow that there is no will under which the appellant may take. No question is here involved as to the right of a pretermitted heir or as to rights saved to persons under disability—minority or incompetency—pursuant to

section 384 of the Probate Code. Under the facts appearing herein, when the probate of the will was revoked, it was revoked as to everybody. (*Scott* v. *Superior Court,* 125 Cal. App. 513, 517 [14 Pac. (2d) 99].) The cases mainly relied upon by the appellant, such as *Samson* v. *Samson,* 64 Cal. 327, 330 [30 Pac. 979], and *Security Trust & Sav. Bank* v. *Superior Court,* 21 Cal. App. (2d) 551 [69 Pac. (2d) 921], were concerned with the rights of persons under disability and are not applicable to the case at bar.

The decree is affirmed.

Curtis, J., Waste, C. J., Langdon, J., Nourse, J., *pro tem.,* Edmonds, J., and Seawell, J., concurred.