In the Matter of the Probate of the Will of IDA MARS, Deceased.

Surrogate's Court, Orange County, September 24, 1952.

*Benjamin P. Roosa* for Richard McConnell, movant.

*William F. Stanton* for William J. McGiffert, proponent.

*Meyer J. Rider,* special guardian.

*Elmer H. Lemon* and *Scott & Hoyt* for Clara Henderson, contestant.

TAYLOR, S. In addition to citing by name those of decedent's distributees who were known, citation was also served upon those of decedent's distributees, who were unknown, by publication. No attack is made upon the papers upon which the order of publication was based.

The probate has not gone to decree. Objections were filed by one of the known distributees and a special guardian appointed for those of the unknowns who might be infants and those who might be in the military service. There was an extensive examination of the subscribing witnesses. Examinations before trial have been had of the proponent and of the distributee who filed objections. There have been motions on both sides for bills of particulars and motions attacking the sufficiency of the bills of particulars in certain respects.

The proponent concedes that the movant here is a distributee of the decedent, so that there is presented no preliminary question with respect to the right of the movant to make this application. The proponent does, however, object to the opening of the probate proceeding and the issuance of a citation which would permit the movant upon the return of the citation to file objections, were he so advised, upon the ground that jurisdiction has already been obtained over him by the service of citation by publication.

Prior to the Code of Procedure " no effectual service of process could be made on any person beyond the jurisdiction of the court out of which the process issued," and by section 135 of that code " publication of a summons, and service by mail in pursuance of an order duly obtained from a judge of the court, was equivalent to personal service ". (2 Wait on New York Practice [2d ed.], § 648, p. 1327.)

Service of process other than personally is in derogation of the common law and should in all respects be strictly construed (*Erickson* v. *Macy,* 231 N. Y. 86). This type of service is

" constructive " only and may be said to have been born out of the necessity of the case, for without it, or some other manner of service which would meet the requirements of due process, many problems would be impossible of solution. It may be said that this method of service was adopted, generally speaking, to reach cases where service cannot be effected either personally within the State or by substitution (2 Carmody on New York Practice, § 680). There is no doubt as to the use of this manner of service in probate proceedings, for such proceedings are considered to be in rem (*Matter of Sanderson,* 157 Misc. 473).

It is a legal axiom that " a person shall not be permitted to sleep on his rights ", but the application of this rule must be upon the premise that the apparently dilatory party must have actually known, or the circumstances be such that he must be presumed to have known that which reasonable inquiry would have disclosed to him. There is no indication here that this probate was actually brought to the attention of the movant, and, therefore, he cannot be charged with permitting the same type of default as would be the case had he actually been served with process, or have actually known of his rights. From this it is a logical conclusion that there should be more liberality exercised in permitting a person served with process, other than personally, to open his default which is constructive " rather than actual ". In keeping with this line of thought is this quotation from *Carpenter* v. *Weatherwax* (277 App. Div. 264, 266): " It differs from a motion to open a default after actual service in one important respect, that in the case of personal service a reason for default is required to be shown, but unless a party served constructively is shown to have actual knowledge of the institution of the action, or from the apparent existence or maturity of claims reasonably to be anticipated in his absence, he would expect to be sued, a good cause for default will usually be deemed to exist. Constructive service is often no service at all and the mechanism is the fictional product of the necessity that sometimes adjudications be made even though a party cannot be found and though he may in fact have no notice or knowledge of the process directed against him." The same principle finds recognition in section 217 of the Civil Practice Act, which is made applicable to proceedings in Surrogate's Court (Surrogate's Ct. Act, § 316).

The Surrogate has made reference to the proceedings already had upon this probate which has been pending for sometime. While the movant should not thereby be denied rights to which he is entitled, nevertheless, his application to open his default

is to some extent the seeking of a favor and the court may impose reasonable terms (*Silken* v. *Farrell,* 278 App. Div. 592). In the interests of justice to those who have appeared and have been so active in formulating the issues by the preliminary examination of the subscribing witnesses, examinations before trial of both the proponent and the objectant, motions for and service of bills of particulars and motions testing the sufficiency of the latter, this proceeding will be opened to the extent of directing that the petition for probate be amended by the inclusion of the name of the movant as a distributee and that a supplemental citation be issued to him upon condition that the preliminary examination of the subscribing witnesses, the examination before trial and the bills of particulars already had and filed, so far as the same may be applicable be considered to be the examinations and bills of particulars on behalf of the movant.

The movant asks that a supplemental citation be issued and served upon all of the heretofore known distributees. As heretofore noted objections to the probate of this will have been filed by one of the distributees, the others personally served are in default and the only persons who may avail themselves of the added opportunity to be heard are those who were not cited in the original proceeding and those who were served by publication of process (*Matter of Sanderson,* 157 Misc. 473, *supra*).

Order may be settled by consent or upon three days' notice.