Burke I. Burke, J.
Plaintiff has moved for summary judgment in an action brought to determine the ownership of real property, generally described as 187 Hickory Street in the City of Buffalo, New York. Title to this property was acquired on July 1, 1946, by warranty deed to Luther Gibson and Sarah Gibson, his wife.
Sarah Gibson, the plaintiff, alleges she is the widow of Luther Gibson, also known as John L. Leggett, by reason of her marriage to the deceased at Lackawanna, New York, on June 30, 1940.
Elizer B. Leggett, one of the defendants, alleges she is the widow of John L. Leggett, also known as Luther Gibson, by reason of her marriage to the deceased at Marlboro, South Carolina, on December 22, 1907. The eight other defendants are parties as children of the first marriage.
Luther Gibson, also known as John L. Leggett, died January 17, 1953, in Erie County, as the result of an accident while employed at Bethlehem Steel Company. His death initiated a seven-year legal pilgrimage which has taken the principals to the Surrogate’s Court, to the Workmen’s Compensation Board, and now brought them into the County Court.
Following the death of Mr. Gibson or Leggett, and in February, 1953, Buffalo lawyer Frank A. Farrell applied to the Surrogate’s Court for letters of administration, as the nominee and upon the consent and waiver of all of the defendants named herein. Mrs. Gibson, the plaintiff in this action, was not cited in the Surrogate’s Court proceeding,.and letters were granted to Mr, Farrell.
*378 Thereafter, and in March, 1953, Mrs. Gribson, the present plaintiff, commenced a proceeding in the Surrogate’s Court to revoke such letters, claiming that she was the lawful widow of the deceased. It is important to note that the only person cited in that proceeding was Mr. Farrell. The letters granted Mr. Farrell were revoked by the Surrogate.
In August, 1954, and again in May, 1956, the plaintiff, Mrs. Gribson, filed petitions in the Surrogate’s Court for letters of administration, without citing any of the defendants herein. Neither proceeding was completed by the issuance of letters.
No other proceedings appear to have been taken in the estate, and no account of property that could or should have been included in the estate has been made.
In March, 1955, the defendant, Elizer B. Leggett, was awarded death benefits as the widow of Mr. Gribson or Mr. Leggett by the Workmen’s Compensation Board under case No. 85302880.
Plaintiff claims she is entitled to summary judgment by reason of application of the principles of res judicata and/or collateral estoppel, alleging the issues in this lawsuit were decided in the Surogate’s Court proceeding for revocation of the Farrell letters. Defendants deny this and, at the time of hearing, they also demanded summary judgment, asserting the issues had been determined in the Workmen’s Compensation Board proceeding.
The Court of Appeals has indicated that the doctrine of res judicata, as generally stated, 4 4 is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein (Good Health Dairy Products Corp. v. Emery, 275 N. Y. 14, 17; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304). It is likewise generally stated that the plea of res judicata is available only to parties to the prior action or their privies, and that the estoppel of the judgment must be mutual. * * * 4 Although normally it is necessary that the mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and 4 4 had full opportunity to litigate the issue of its responsibility.” ’ * * * 4 Where the issue in the second action differs in any way from that in the earlier action, the plea, of course, is not available. ’ * * * that in determining the applicability of the doctrine of res judicata as a defense, the test to be applied is that of 44 identity of issues (Israel v. Wood Dolson Co., 1 N Y 2d 116, 118, 119, 120.) It *379 has been further said that collateral estoppel is the doctrine that “ ‘ a fact, once decided in an earlier suit, is conclusively established between the parties [or their privies] in any later suit, provided it was necessary to the result in the first suit’.” (Hinchey v. Sellers, 7 N Y 2d 287, 293, quoting from Evergreens v. Nuna, 141 F. 2d 927, 928, cert. denied 323 U. S. 720.)
The basic question in the action is, who is the legal widow of the deceased, for the ownership of the real property in issue will be determined upon this fact. (Perrin v. Harrington, 146 App. Div. 292.)
If this proposition has been previously decided by a competent court, as a necessary part of a proceeding to which the parties or their privies were a part, summary judgment should be granted.
It appears that although the Surrogate found that the plaintiff herein was the widow of the deceased when he issued his memorandum upon which the letters of administration granted Mr. Farrell were revoked, such a determination was not necessary to that result, particularly in view of the fact that, once letters of administration have been granted, the Surrogate has discretion, subject that it not be arbitrary, in revoking the letters granted. (Stolz v. New York Cent. R. R. Co., 7 N Y 2d 269.)
But there is another portion of the Surrogate’s Court proceeding that deserves comment. The only person cited was Mr. Farrell, the administrator. No attempt was made to cite the defendants herein, even though it appears that the plaintiff knew that such defendants were claiming to be the widow and family of the deceased. The petitioner here argues that the defendants, by waiving their right to administration and consenting that Mr. Farrell be appointed administrator, in fact appeared and appointed Mr. Farrell as their attorney to represent them in any proceeding before the Surrogate’s Court. This stretches the meaning of the waiver they signed. While it is true that such a waiver makes the administrator their personal representative for all matters concerning the estate, it does not make him their representative when the attack is not against the estate but against them individually as to their right to share in the estate. If this were not so, then there would never be any need for an accounting. As a result, Mr. Farrell’s authority was restricted simply to act as administrator and the attack by the plaintiff under these circumstances was against him only in that representative capacity.
It must also be noted that an administrator never receives title to real property even though he has certain powers of *380 supervision. (See Decedent Estate Law, § 123; Warren’s Heaton on Surrogate’s Court [6th ed.], vol. 1, § 35, vol. 3, § 254, and cases cited therein.) Thus, the question of title was never before the court. Understandably, this does not preclude the application of the doctrine of collateral estoppel, but it is some evidence showing the lack of authority on Mr. Farrell’s part to bind the defendants. (See, also, Barrett v. Miner, 119 Misc. 230.)
This being so, it cannot be said that the proceeding in Surrogate’s Court is res judicata against the defendants herein. Under the rules previously announced regarding res judicata and collateral estoppel, there was neither the necessity nor the jurisdiction of the person or his privy required for the implementation of this doctrine. The defendants here do not stand in the same shoes as Mr. Farrell, nor were they ever brought within the purview of the Surrogate’s jurisdiction as required by section 41 of the Surrogate’s Court Act. Assuming for the purposes of argument that the identity of issue is the same, nevertheless these defendants have not yet had their day in court. (Matter of Sanderson, 157 Misc. 473.)
Before summary judgment may be granted, it must clearly appear that no material and triable issue of fact is presented* (Di Menna & Sons v. City of New York, 301 N. Y. 118, 121.)
Accordingly, the plaintiff’s motion for summary judgment is denied. Defendants’ motion likewise is denied.