[Civ. No. 6444.   Fourth Dist.   Aug. 15, 1960.]

Estate of ELMER L. SANDERSON, Deceased. BALBENA S. SYSTER, as Administratrix, etc., Appellant, v. O'NEILL P. MARTIN, as Executor, etc., et al., Respondents.

Kaiser & O'Neill and Jeremiah F. O'Neill, Jr., for Appellant.

Howard S. Dattan, Nicholas J. Martin, Victor E. Urias and Quintin Whelan for Respondents.

SHEPARD, J.—This is an appeal from the order admitting to probate the will of Elmer L. Sanderson, the above named deceased.

From the record before us, it appears that the will in question was made January 24, 1957; that the deceased died February 1, 1957; that said will was offered for probate in the Superior Court of San Diego County; that Columbian Building Corporation of San Diego, The Roman Catholic Bishop of San Diego, Charles F. Buddy, Thomas Ackerman, St. Jude's Roman Catholic Church of San Diego, and St. Ann's Roman Catholic Church of San Diego, were named in said will as legatees; that deceased was unmarried and left no issue; that Harvey W. Syster, the brother and sole heir of deceased, filed a contest against said will on grounds of incompetence of deceased, lack of due execution, violation of Probate Code, section 41, and that the will was not the free act of deceased; that O'Neill F. Martin, as executor, Columbian Building Corporation of San Diego, The Roman Catholic Bishop of San Diego, Charles F. Buddy and Thomas Ackerman appeared and filed separate answers to the grounds of opposition to probate of will; that such contest was tried before a jury; that prior to submission of the cause to the jury, the alleged ground of violation of Probate Code, section 41, was by the trial judge removed from consideration of the jury; that a verdict was rendered by the jury in favor of the contestant and against the validity of the will; that pursuant to said verdict a judgment was entered by the trial court refusing and denying probate of said will.

Appeal was duly taken to this court from said judgment, by The Roman Catholic Bishop of San Diego. The other legatees did not appeal. The only question presented to this court on that appeal was on the validity or invalidity of the will as a whole and whether or not it was entitled to probate as a whole. In other words, the attack on the will, as presented to the appellate court, pertained to the validity of the whole will, not just to the devise to The Roman Catholic Bishop of San Diego. After examining the entire testimony, this court concluded that the evidence was insufficient to support the

verdict and judgment denying probate, and made its order that "The judgment and order of the court refusing to admit the will to probate is reversed, with directions to admit the will to probate." A hearing was denied by our Supreme Court on August 26, 1959. (*Estate of Sanderson,* 171 Cal.App.2d 651 [341 P.2d 358].)

After the remittitur to the trial court, contestant moved the trial court to admit to probate only those portions of the will which devised to The Roman Catholic Bishop of San Diego. The named executor moved the admission of the entire will to probate. On October 9, 1959, the trial court denied contestant's motion and made its order admitting to probate the entire will, *in toto.* Contestant appeals.

Contestant (appellant herein) contends that since judgment denying probate of the will was appealed from solely by The Roman Catholic Bishop of San Diego, and not by the other legatees, said judgment became final as to the other legatees who did not appeal, and that only that portion of the will pertaining to The Roman Catholic Bishop of San Diego should have been admitted to probate. He admits that the appellate courts would have the power under the circumstances of this kind to order the whole will admitted to probate, but he contends in order to do so effectively the appellate court's order should say in specific detail that the rights of the nonappealing legatees are included in the order of reversal. He contends that because the order of reversal failed to go into specific detail as including the rights of certain nonappealing legatees, it should be construed as applying only to the legatee actually appealing, leaving in full force and effect the judgment denying probate as to all nonappealing legatees.

With this contention we cannot agree. ■■■ A contest of a petition for probate of a will is a proceeding *in rem.* Its purpose is to establish the *status* of a written instrument. The judgment admitting the will to probate or denying the probate is binding upon all persons interested in the will to whom due notice according to law has been given, who might have come in and who, if they had come in, would have been entitled to be heard for or against the admission of the will to probate. (*Estate of Parsons,* 196 Cal. 294, 299 [237 P. 744]; *Estate of Neubauer,* 49 Cal.2d 740, 745 [4] [321 P.2d 741]; *Estate of Allen,* 176 Cal. 632, 633 [169 P. 364]; *Kearney* v. *Kearney,* 72 Cal. 591, 593 [15 P. 769]; *Estate of Golden,* 9 Cal.2d 647, 648 [1-2] [72 P.2d 113]; *Fletcher* v. *Superior Court,* 79 Cal.App. 468, 478 [9] [250 P. 195]; *Scott* v. *Superior*

*Court,* 125 Cal.App. 513, 516 [3] [14 P.2d 99] ; *Estate of Plaut,* 27 Cal.2d 424, 428 [3] [164 P.2d 765, 162 A.L.R. 837].)

Thus, where the question before the court on contest relates to the validity or invalidity of the whole will, the decision validates or invalidates the whole will, since no provision is contained in the statute which in any way authorizes the finding of partial invalidity on that type of contest. (*Estate of Pforr,* 144 Cal. 121, 125 [77 P. 825] ; *Estate of Golden, supra; Estate of Dolbeer,* 149 Cal. 227, 246 [86 P. 695, 9 Ann.Cas. 795] ; *Voyce* v. *Superior Court,* 20 Cal. 2d 479, 483 [2] [127 P.2d 536] ; *Estate of Lavinburg,* 161 Cal. 536, 546 [119 P. 915].)

This is in accordance with the rule as stated in *Blache* v. *Blache,* 37 Cal.2d 531, 538 [4] [233 P.2d 547], where the court said :

"It is true that there are cases which hold that a judgment becomes final as against a nonappealing party even though the judgment is reversed on the appeal of other parties. (Citations.) But this rule is not applied where portions of a judgment adverse to a nonappealing party are so interwoven with the whole that appeal from a part affects the other parts; in such a situation the appellate court can reverse the entire judgment if it is necessary to do justice."

See also *Estate of Stauffer,* 142 Cal.App.2d 35, 41 [2] [297 P.2d 1029].

What is said by the Supreme or Appellate Courts in the various causes must always be read and understood in the light of the facts and the problems involved in each individual cause. Of course, those cases in which attack was made upon the right of a specific individual as concerned with a specific portion or paragraph of a will, or where whole groups of heirs each contesting against another seek to establish primary heirship as against all others, would have no compelling persuasion under the facts of the case at bar.

Appellant has not cited, nor have we been able through exhaustive research to find, any authority in this state nor anywhere in the United States in which a will as a whole has been held valid on appeal and in which nonappealing legatees were denied the benefit of the ruling of the appellate court.

We are satisfied that the order "The judgment and order of the court refusing to admit the will to probate is reversed, with directions to admit the will to probate," cannot fairly be construed as an instruction to the trial court to admit only a part of the will to probate, and that the trial court's

construction thereof was the normal, reasonable and correct interpretation.

The order appealed from is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1960.